# JONES *v.* STATE.

## Opinion delivered July 15, 1895.

CONTINUANCE—DISCRETION OF COURT.—An application for a continuance in a murder case upon the ground that defendant had already at the same term of court been convicted of another and different murder, which was calculated to prejudice him on the trial, is addressed to the sound discretion of the trial court.

MURDER—INDICTMENT.—An indictment for murder is sufficient which alleges that defendant " unlawfully, wilfully, feloniously and of his malice aforethought, and with premeditation, and after deliberation, did kill and murder one H. with a certain gun," etc.

JUDGE—PREJUDICE AS DISQUALIFICATION.—An application for a special judge, upon the ground that the regular judge was so prejudiced against defendant that he could not obtain a fair and impartial trial before him, was properly denied.

FORMER CONVICTION—SUFFICIENCY OF PLEA.—On a trial for the murder of one J., a plea of former conviction is demurrable which alleges a former conviction of the murder of C., and that his murder was so closely connected in point of time with the act of killing J. as to render it impossible to separate the evidence relating to each of them. To constitute a good defense, the plea should state that C. and J. were both killed by the same act and volition.

TRIAL—HOLDING NIGHT SESSION.—The trial court did not abuse its discretion in refusing defendant's request not to hold a night session of court for the reason that his leading counsel was sick and unable to attend, if appellant was represented at such session by other competent counsel.

INSTRUCTION—ASSUMPTION OF FACTS.—An instruction in a prosecution for murder that if the jury find from the evidence that defendant had made any false, improbable and contradictory statements explaining suspicious circumstances against him it may be considered by them, is not erroneous as assuming as a fact that such statements were made.

CREDIBILITY OF ACCUSED—INSTRUCTION.—It is not error to instruct the jury that the credibility and weight to be given to defendant's testimony is for the jury; that his manner of testifying, the reasonableness or unreasonableness of his account of transactions, and his interest in the result are to be considered ; and that

"you are not required to receive blindly the testimony of the accused as true, but you are to consider whether it is true and made in good faith, or only for the purpose of avoiding conviction."

CIRCUMSTANTIAL EVIDENCE—INSTRUCTIONS.—It is not error to refuse an instruction that, before defendant can be convicted of murder upon circumstantial testimony, the jury must find that the circumstances proved establish the guilt of defendant to the exclusion of every other reasonable hypothesis, if the jury were properly instructed as to the burden of proof resting upon the state and as to reasonable doubt.

Appeal from Franklin Circuit Court, Ozark District.

JEPHTHA H. EVANS, Judge.

STATEMENT BY THE COURT.

Appellant was indicted April 2, 1894, at a special term of the Logan circuit court, for murder in the first degree.

The indictment, omitting the caption, reads as follows: "The grand jury of Logan county, in the name and by the authority of the State of Arkansas, accuse J. H. Jones of the crime of murder in the first degree, committed as follows, to-wit: The said J. H. Jones, on the 18th day of February, 1894, in the county aforesaid, unlawfully, wilfully, feloniously, and of his malice aforethought, and with premeditation and after deliberation, did kill and murder one Jesse Hibdon, with a certain gun which he, the said J. H. Jones, then and there had and held in his hands, the said gun being then and there loaded with gunpowder and leaden bullets, with intent him, the said Jesse Hibdon, to kill and murder, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Arkansas.

"And the grand jury aforesaid, in the name and by the authority aforesaid, do further accuse J. H. Jones of the crime of murder in the first degree, committed as follows, to-wit: The said J. H. Jones, on the 18th day of February, 1894, in the county aforesaid, unlawfully,

wilfully, feloniously, and of his malice aforethought, and with premeditation and after deliberation, did kill and murder one Jesse Hibdon with a certain hammer, which he, the said J. H. Jones, then and there held in his hands, by striking and by beating and bruising him, the said Jesse Hibdon, with the said hammer, with intent him, the said Jesse Hibdon, to kill and murder, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Arkansas.

"And the grand jury aforesaid, in the name and by the authority aforesaid, accuse J. H. Jones of the crime of murder in the first degree, committed as follows, to-wit: The said J. H. Jones, on the 18th day of February, 1894, in the county aforesaid, unlawfully, wilfully, feloniously, and of his malice aforethought, and with premeditation and after deliberation, did kill and murder one Jesse Hibdon in some way and manner and by some means, instruments and weapons to the grand jurors unknown, with intent him, the said Jesse Hibdon, then and there to kill and murder, contrary to the statute in such cases made and provided, and against the peace and dignity of the State of Arkansas."

To the indictment, appellant files the following pleadings: (1) Motion to set aside indictment; (2) Demurrer; (3) Motion to quash. All of said motions were by the court overruled, and appellant excepted. Appellant then moved for a change of venue, which was by the court granted, and the case was sent to the Ozark district of the Franklin circuit court.

When this case was called for trial in the Franklin circuit court, appellant filed the following pleadings: (1) Application for special judge; to this application appellee filed a response. (2) Motion for continuance. Each of said motions was by the court overruled, and appellant excepted. Appellant here entered a plea of

former conviction.   To this plea appellee demurred, and said demurrer was by the court sustained.   Appellant then entered a plea of not guilty.

The evidence in this case was circumstantial.   It shows in substance, that Charles Hibdon, Jesse Hibdon, for the murder of whom the appellant in this case was convicted, and the appellant, acting in the capacity of a cook for the Hibdons, on the 18th day of February, 1894, camped together in a house in Logan county in this state, and that on the day following the house in which they had stopped—a heavy log house—was entirely consumed by fire; that the Hibdons were missing, and have never been seen or heard of since by any of the witnesses who testified, among whom was the wife and mother of Charles Hibdon, from Paoli, in the Indian Territory, whence the Hibdons came to Arkansas with a lot of ponies to sell or trade for cattle, and where the Hibdons lived and were well known, and where the appellant, a stranger, engaged to accompany them to Arkansas as a cook for the sum of twenty dollars per month.   After the house was burned, the appellant took possession of the property of the Hibdons, consisting of the horses, a wagon, a saddle, the gun of Charles Hibdon, the gloves and leather cuffs of Jesse Hibdon, the red pocketbook of Charles Hibdon with his name written in it, and various other articles of property, identified by the evidence on the trial as the property of Charles and Jesse Hibdon.   The appellant also had in his possession a plain gold ring, which he admitted belonged to Charles Hibdon.

In accounting for the disappearance of the Hibdons, the appellant made several inconsistent and conflicting statements.   He first told that they had gone down into Scott county to sell some ponies.   He afterwards told that they had fled from the United States marshal, who was after them for selling whisky in the Indian Terri-

tory. In his testimony on the trial in this case, the theory advanced by him as to their disappearance was that Charles Hibdon had killed Jesse, and had fled, having burned the house over his body.

After the arrest of the appellant, there were found in the ashes where the house was burned charred bones, some of which, the evidence tended to show, were the bones of a human body. Charred bones were also found in a creek near the burned house, and some between the house and the creek. When the appellant was arrested he had, on his person, in the pocketbook of Charles Hibdon, $360.35, which he said consisted of money Charles Hibdon gave him when he left, and amounts for which he had sold some of his property after he left; and that Charles Hibdon had left all his property, that he had there, in his possession and under his control, with directions to sell off everything except the saddle horse, and meet him in Dardanelle about the 13th or 14th of March. He stated that when he was asked about the ring, he supposed it was Charles Hibdon's, as he had seen him wear one like it, and had seen him pull it off, and put it in a box in the house. He admitted that he had told lies, in his former statements, as to the whereabouts of the Hibdons; that he found he was in a bad fix, and, having lied about these matters, it seemed like he had to keep telling lies.

The court gave to the jury ten instructions, and refused one asked by defendant, to all of which rulings exceptions were properly saved. The jury returned a verdict of guilty of murder in the first degree. The appellant moved to set aside the verdict and for a new trial, which was refused by the court, to which the appellant excepted, tendered his bill of exceptions, and appealed to this court.

*Oscar L. Miles* for appellant.

1.  The indictment only charges murder in the second degree.  There must be *premeditation* and *deliberation* to constitute murder in the first degree.

2.  By the common law a conviction of one felony was a bar to all other felonies not capital.  Martin & Yerger (Tenn.), 477 ; Clark's Cr. Law, 373, etc.

3.  Defendant had the right to a special judge. 2 Metc. (Ky.), 619 ; 78 Mo. 263 ; 12 Kas. 407; Const. Kas., art. 3, sec. 20.

4.  Naming the offense murder in the first degree in the introductory and concluding portions of the indictment is not sufficient, unless the facts charged constitute it such.  27 Iowa, 402 ; 8 Oh. St. 98 and 306. See also 2 Bish. Cr. Pro. 574 *et seq.;* 51 Ark. 189.

*E. B. Kinsworthy*, Attorney General, for appellee.

1.  It was not error to refuse to allow a special judge.  In the absence of constitutional or statutory provisions, prejudice not based on property interest in the judge is not assignable as a legal cause of disqualification.  76 Me. 502 ; 2 Black. Com. 361 ; 26 Fla. 77 ; 92 Ala. 113 ; 12 Cal. 500 ; 1 Minn. 94 ; 43 Ark. 324; Const. 1874, art. 7, secs. 20, 21 ; *Ib.* art. 2, sec. 10 ; Mansf. Dig. secs. 1136, 2164 ; 31 Ark. 35–39 ; 24 Cal. 31 ; 1 Thomps. Trials, sec. 215 ; 12 Am. & Eng. Enc. Law, p. 52.

2.  The demurrer was properly sustained to the plea of former conviction.  The plea shows on its face that it was a distinct and different crime.    109 Ill. 572 ; 92 Ky. 522 ; 65 Ala. 94, 98 ; 52 N. W. 775 ; 71 Ala. 315 ; 108 Mass. 433 ; 11 Am. & Eng. Enc. Law, 436 ; 36 Pac. 815 ; 30 Tex. App. 412 ; 155 Mass. 455 ; 65 Cal. 139 ; 46 Ark. 141 ; 1 Bish. Cr. L. secs. 1051–2 ; 8 So. 445.

3.  The continuance was properly refused.  Defendant was ably represented by other counsel.  34 Ark. 725 ; 13 Tex. App. 645 ; 112 Mo. 277 ; 30 N. E. 927.

4. There is no error in the instructions. 59 Ark.
417 ; 54 *id.* 489. The tenth instruction cures any seem-
ing error in the others. 46 Ark. 141 ; 52 *id.* 180 ; 53 *id.*
117 ; 50 *id.* 545.

HUGHES, J., (after stating the facts). The motion
for a new trial sets out twenty grounds, but not all of
these are seriously relied upon in argument here for
reversal, and we will discuss such only as we under-
stand counsel to urge here as grounds for reversal.

Discretion of
court as to
continuances.
The application for continuance upon the ground
that, at the same term of the court at which appel-
lant was put upon his trial for the murder of Jesse Hib-
don, he had been convicted of the murder of Charles
Hibdon, which was calculated to prejudice him on his
trial at the same term of the court for the murder of
Jesse Hibdon, was denied by the court. Applications
for continuance are so largely in the sound discretion of
the circuit court that this court will not control it,
unless there has been a flagrant abuse of the court's
discretion that amounts to a denial of justice. *Thomp-
son* v. *State*, 26 Ark. 323 ; *Price* v. *State*, 57 Ark.
167. We are unable to say that there was such abuse of
discretion in refusing the continuance in this case as
manifestly operates as a denial of justice, and for which
the judgment should be reversed. *Loftin* v. *State*, 41
Ark. 153.

Sufficiency
of indictment
for murder.
The court overruled the appellant's demurrer to the
indictment, and this is urged as error. We have ex-
amined carefully the indictment, and think it sufficiently
charges the crime of murder in the first degree, though
not in the most artistic and approved form. It fully ad-
vises the defendant of the charge he is called upon to
answer, and fulfills, in substance, the requirements of
our statute in reference to the sufficiency of indict-
ments. Section 2075 Sandels & Hill's Digest provides :
" The indictment is sufficient if it can be understood

therefrom: *First.* That it was found by a grand jury of a county impaneled in a court having authority to receive it, though the name of the court is not accurately stated. *Second*, that the offense was committed within the jurisdiction of the court, and at some time prior to the finding of the indictment. *Third*, that the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment on conviction according to the right of the case."

Section 2076 provides : "No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."

Section 2090 provides : "The indictment must contain * * * * ; *second*, a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

Section 2074 of Sandels & Hill's Digest provides that : "The indictment must be direct and certain as regards, first, the party charged ; second, the offense charged ; third, the county in which the offense was committed ; fourth, the particular circumstances of the offense charged, where they are necessary to constitute a complete offense."

The indictment is substantially in the form prescribed by the statute. Section 2091, Sandels & Hill's Digest. It is substantially the very same as the indictment in the case of *Dixon* v. *State*, 29 Ark. 165. There was no error in overruling the demurrer to the indictment, and the motion in arrest of judgment, they being in substance the same.

The court overruled the defendant's application for a special judge to try the cause, and this is assigned as

Predjudice as disqualifying a judge.

error. Section 20 of article 7 of the constitution provides that: "No judge or justice shall preside in the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by consanguinity or affinity, within such degree as may be prescribed by law ; or in which he may have been of counsel or have presided in any inferior court." None of the matters mentioned in this provision as disqualifying a judge to preside in a cause are alleged in the application of appellant, which was based upon the ground, first, that the regular judge was a material witness in the cause, to which the attorney for the state responded that the judge knew no material facts in the case, and that he had no intention to use him as a witness. The judge himself in passing upon the motion stated that he knew no material facts in the case. He did not testify in the case. The second ground of the motion was that the judge was so prejudiced against the defendant that said defendant could not obtain a fair and impartial trial before said judge. In passing upon the last ground of the motion, the judge stated that he had a fixed opinion as to the guilt or innocence of the defendant, but that it was not true that he was prejudiced against him. There is no provision of our constitution or statutes that disqualifies a judge for prejudice. If having formed an opinion as to the guilt or innocence of a defendant on trial in a criminal case was a disqualification of a judge presiding at the trial, it would often be a difficult matter to find a judge that would not be disqualified.

In the case of the *State* v. *Flynn*, 31 Ark. 35, 39, Judge English, delivering the opinion of the court, said : "Where a circuit judge labors under none of the causes of disqualification prescribed by the constitution, he has the right to preside, and is bound by his official oath, and by honor, to decide impar-

tially, regardless of his social relation to parties," etc.
In that case an affidavit was filed stating that "the de-
fendant, Frank Flynn, who is indicted for murder, states
on oath that he verily believes that his honor, J. M.
Smith, judge of this court, will not give the said de-
fendant a fair and impartial trial." Upon this the
venue was changed from Garland to Pulaski county. In
the Pulaski circuit court the prosecuting attorney
moved that the cause be stricken from the docket for
want of jurisdiction, and remanded to the Garland cir-
cuit court, which motion was overruled, and the state
appealed. The supreme court reversed the judgment,
with directions that the cause be remanded to the Gar-
land circuit court, and there proceed according to law.

It is the province of the jury solely to determine
the facts of the case, and of the judge to determine
questions of law that arise in the case. If he err, his
judgment may be reversed on appeal. It is not to be
supposed that the judge will exhibit partisan feeling or
prejudice in the trial of a cause, which would be in-
decorous and reprehensible, and bring into contempt the
administration of justice. *McCauley* v. *Weller*, 12 Cal.
523. The court did not err in overruling the application
for a special judge.

It is insisted upon as error that the court sustained
a demurrer to the appellant's plea of former conviction.
The plea is as follows:

Sufficiency of plea of former conviction.

"In the Franklin Circuit Court
For Ozark District,
February Term, 1895.

State of Arkansas
*v.*
Jesse H. Jones.

Comes the defendant, Jesse H. Jones, in person
and by his counsel, and says that he was on the 2d day
of March, 1895, in this court convicted of this identical
offense by a jury previously empaneled to try him upon
the same, and that the verdict in that case still stands

undisturbed against defendant. See copy of indictment and record to this date in No. 57 hereto attached, and marked exhibit 'A.' And defendant says that the testimony in the case in which he, defendant, has as aforesaid been convicted is precisely the same throughout as in this case, and defendant says that the same facts, circumstances and matters urged against the defendant in the former trial will in every respect be the same facts, circumstances and matters that will be urged against him, the defendant, upon this trial.

Whereupon defendant in person and by his counsel alleges that for the above and foregoing reasons this prosecution ought to abate and cease, and ought not to be further urged against this defendant.

ROBT. J. WHITE,

E. HINER,

EVANS & COCKRAN,

MILES & MILES."

This plea fails to state that by the same act and volition both Charles and Jesse Hibdon were killed, and the exhibit to the plea, *i. e.*, the indictment against appellant for the murder of Charles Hibdon, and upon which appellant had been convicted of murder in the first degree, before he was tried in this case for the murder of Jesse Hibdon, at or about the same time he is charged to have murdered Charles Hibdon, shows that the parties charged to have been murdered were not the same in both cases.

In the case of *People* v. *Majors*, 65 Cal. 138 to 150, it is held, in an opinion reviewing the cases upon the question delivered by Morrison, C. J., that the murder of two persons by the same act constitutes two offenses for each of which a separate prosecution will lie, and a conviction or acquittal in one case does not bar a prosecution in the other. In that opinion the court quoted the following passage from the opinion in *Clem* v. *State*,

42 Ind. 420, to-wit: "It does not follow because one of the indictments was for the murder of Nancy Jane Young and the other for the murder of Jacob Young, that the crime is not the same." And the court admitted that this was an authority in favor of defendant, if the death of the two persons murdered resulted from one and the same act.

In the case of the *State* v. *Elder*, 65 Ind. 282, the rule on this question is stated as follows: "When the same facts constitute two or more offenses, wherein the lesser offense is not necessarily included in the greater, and when the facts necessary to convict in the second prosecution would not necessarily have convicted in the first, then the first prosecution will not be a bar to the second, although the offenses were both committed at the same time and by the same act."

In the *State* v. *Hattabaugh*, 66 Ind., 223, the court said: "The usual test by which to determine whether the former conviction or acquittal was for the same offense, as that charged in the second prosecution, and therefore whether the former is a bar to the latter, is to inquire, whether the evidence necessary to sustain the latter would have justified a conviction in the former case." The California court, in *People* v. *Majors*, say: "Testing the case of *Clem* v. *State*, *supra*, by the rule laid down in the latter cases referred to (65 and 66 Ind.), it would be difficult to sustain the authority of the former."

Jones, the appellant, on an indictment for the murder of Jesse Hibdon, could not be convicted for the murder of Charles Hibdon, nor *vice versa*. In the case of *Teat* v. *State*, 53 Miss. 439, the court said: "A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time, that it is impossible to separate the evidence relating to them on the trial

for one of them first had." And the court expressed the belief that no well considered case could be found, "where a putting in jeopardy for one act was held to bar a prosecution for another separate and distinct one, because they were so closely connected in point of time, that it was impossible to separate the evidence relating to them."

Many other cases are cited to support the judgment of the court on this point. It is said by some authorities, that where the same act and volition results in the death of two persons, there is but one offense. We do not understand that the plea in this case states that Charles and Jesse Hibdon were killed by one and the same act. The fact that the act of killing Jesse Hibdon, and the act of killing Chas. Hibdon were so closely connected in point of time, that it was impossible to separate the evidence relating to each of them, would not necessarily make the killing of the two one act, or one offense.

Section 2148 of Sandels & Hill's Digest provides, that: "Neither a joinder in demurrer nor a reply to the plea of former acquittal or conviction shall be necessary, but the demurrer shall be heard and decided, and the plea shall be considered as controverted by denial, and by any matter of avoidance, that may be shown in evidence." It does not appear that any evidence was heard in determining the demurrer to the plea, and we presume that only the plea and the exhibit thereto (the indictment against Charles Hibdon) were considered by the court.

We think there was no error in sustaining the demurrer to the plea.

Discretion of court to hold night sessions.

The court on two different occasions refused the request of the appellant not to hold a night session of court for the reason that Oscar L. Miles, his leading counsel, was sick and unable to attend at such night

session. This is assigned as error. It appears from the transcript that at these night sessions the defendant was ably represented by Mr. Hiner, Mr. White, Jas. Cockran and A. F. Miles—all competent counsel. It therefore does not appear that the appellant was prejudiced by the refusal of his request. Such motions are addressed largely to the sound discretion of the court, and, unless there is abuse of that discretion, this court will not interfere. *Edmonds* v. *State*, 34 Ark. 725; *State* v. *Dusenberry*, 112 Mo. 289.

It is assigned as error that the court gave to the jury instructions numbered 1, 2, 3, 4, 5, 6, 7, 8 and 9, and that 4 and 9 particularly are erroneous. For error adjudged to exist in the latter part of instruction 4, as given on the trial of appellant for the murder of Charles Hibdon, the judgment in that case was reversed. *Jones* v. *State*, 59 Ark. 417. The instruction as given in this case, however, is not obnoxious to the error for which it was held bad in the other case. In the case in 59 Ark. it read thus: "The false, improbable and contradictory statements, of the accused, if made, in explaining suspicious circumstances against him, are evidence to be considered by the jury," etc. As given in this case it reads: "If you find from the evidence that the defendant has made any false, improbable and contradictory statements explaining suspicious circumstances against him, then this may be considered by you," etc. The first is obnoxious to the objection that it assumes facts, the other does not, but leaves it to the jury to determine upon the evidence whether they exist or not. It seems that there is a material difference between them. We find no reversible error in this instruction as given in this case.

Instruction numbered nine is as follows: "The court instructs the jury that, under the law, the defendant, Jesse Jones, has the right to testify in his

*Instruction held not to assume facts.*

*Instruction as to accused's credibility approved.*

own behalf; but his credibility, and the weight to be given to his testimony, are matters exclusively for the jury. In weighing the testimony of the defendant in this case, you have a right to take into consideration his manner of testifying, the reasonableness or unreasonableness of his account of transactions, and his interest in the result of your verdict, as affecting his credibility. You are not required to receive blindly the testimony of the accused as true; but you are to consider whether it is true, and made in good faith, or only for the purpose of avoiding conviction."

Number 10 is as follows: "The court tells the jury that nowhere in these instructions does the court mean that you are to disregard the testimony given by any witness in this case. That is a matter solely with the jury, and it is not within the province of the court to tell the jury what weight you should give to the testimony of any witness."

The ninth instruction given in this case is an exact copy of the one given in the case of *Vaughan* v. *State*, 58 Ark. 362, which was approved by the court.

Following *Vaughan* v. *State*, *supra*, and the many cases cited to support it, we find no error in instruction numbered nine. We find no reversible error in the instructions, taken together, as given by the court.

Instructions as to circumstantial evidence.

The instruction asked by the defendant and refused by the court is as follows: "If the jury find that this is a case dependant entirely upon circumstantial testimony, then the court charges you that, before the defendant can be convicted, you must find that the circumstances proved establish the guilt of the defendant to the exclusion of every other reasonable hypothesis; and if you do not so find, it is your duty to acquit the defendant." It appears from instruction numbered three, given by the court, that the court said to the jury: ".This is a case of circumstantial evidence, and if it

satisfies the minds of the jury beyond a reasonable doubt, they should convict, the same as they would upon direct evidence, which satisfies them beyond a reasonable doubt." The instruction numbered six, given by the court, is as follows : "The burden is upon the state to prove to the satisfaction of the jury beyond a reasonable doubt every material allegation in the indict-, ment, and unless that has been done, the jury should find the defendant not guilty." In the case of *Green* v. *State*, 38 Ark. 316, the appellant asked the following instruction, which was refused, to-wit: "That in cases of circumstantial evidence, before the jury can convict, the guilt of the defendant should be made out, not only beyond a reasonable doubt, but to the exclusion of every other reasonable hypothesis." In delivering the opinion of the court, Chief Justice English said : "It was putting it very strong to require the state not only to prove the guilt of the accused beyond a reasonable doubt, but to go further and prove it to the exclusion of every other reasonable hypothesis. Either would be sufficient." There was no error in refusing the instruction asked by the appellant.

Finding no substantial error in the other matters assigned for reversal, we pass them without comment.

Lastly, it is objected that the verdict of the jury is not supported by sufficient evidence. It is possible that a defendant might be the victim of such a remarkable concatenation of circumstances, as exist and were proved in this case, and be innocent, but it is not at all probable. The evidence was amply sufficient to warrant the verdict of guilty of murder in the first degree, as found by the jury.

The judgment is affirmed.