## JONES v. STATE.

### Opinion delivered January 8, 1912.

1. VENUE—PETITION FOR CHANGE OF—EVIDENCE.—Where supporting affidavits are filed in aid of a petition for change of venue in a criminal case, it was within the court's province to examine the supporting witness orally as to the knowledge and information upon which the affidavits are based. (Page 441.)

2. WITNESSES—IMPEACHMENT.—Under Kirby's Digest, section 3139 providing that "before other evidence can be offered of the witness having made at another time a different statement, he must be inquired of concerning the same, with the circumstances of time and persons present," it was proper to confine impeaching witnesses to direct questions as to the particular statements on which a foundation for impeachment had been laid. (Page 442.)

3. APPEAL AND ERROR—EXCLUSION OF EVIDENCE—PREJUDICE.—Refusal of the court to permit defendant to answer a question propounded to

him will not be ground for reversal where it does not appear what his answer would have been. (Page 442.)

Appeal from Drew Circuit Court; *H. W. Wells,* Judge; affirmed.

*Williamson & Williamson,* for appellant.

1. Counsel contend from the evidence, particularly the conflicting statements of the prosecuting witness and Marvin McGeogh, from the circumstances of the case, the time, place and manner of the alleged assault and the fact that appellant continued to reside as usual with his family for several weeks after the alleged assault before anything was said or done about it, although the prosecuting witness claimed that she *at once* notified her mother, that the verdict is contrary to the law and the evidence.

2. The court abused its discretion in denying the change of venue. The examination of the two supporting witnesses showed that they had sufficient information to justify them in arriving at the opinion to which they had sworn, and were therefore "credible" within the meaning of the statute. Such being the case, it was the "imperative duty of the court to order the removal." 53 Ark. 214; 68 Ark. 466.

3. Appellant was entitled to introduce evidence tending to show a motive for a malicious prosecution, and the court erred in excluding the testimony touching the trouble between appellant and the mother of the prosecuting witness over the property. 74 Ark. 262; 14 Ark. 555; 25 Ark. 385; 42 Ark. 542; 43 Ark. 99.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

1. The weight of the evidence was for the jury, and there is ample evidence to support their verdict.

2. There was no abuse of discretion in overruling the motion for change of venue. 85 Ark. 518; 82 Ark. 336; 80 Ark. 360; 76 Ark. 276; 86 Ark. 357; 91 Ark. 65; 54 Ark. 243; 71 Ark. 180.

3. Proper foundation must be laid, before impeaching evidence can be introduced. Kirby's Digest, § 3139; 2 Wigmore on Ev. § 1029; 15 Ark. 361; 31 Ark. 694; 37 Ark. 328; 62 Ark. 286; 52 Ark. 303.

4. The evidence which appellant attempted to introduce concerning litigation over certain property was incompetent could only have confused and probably misled the jury, and was properly excluded.

McCulloch, C. J. The defendant, Mack Jones, is accused of the crime of assault with intent to rape, committed upon his stepdaughter, Claudia Thurman, a girl about 14 years of age. At a former trial of the case he was convicted, and appealed to this court, and the judgment was reversed on the ground of error of the court in refusing to grant a continuance. He was tried again on remand of the case, and again convicted, from which judgment he has prosecuted another appeal.

He filed a petition for change of venue, which the court overruled, after having examined the supporting witnesses orally as to the knowledge and information upon which they based their respective affidavits. It was within the province of the court to hear the examination for the purpose of testing the credibility of the witnesses. *Jackson* v. *State*, 54 Ark. 243, and later cases. The testimony of these two witnesses, as it appears in the record, fails to convince us that the circuit judge was wrong in holding that the witnesses were not credible persons within the meaning of the statute.

It is next insisted that the verdict is not supported by legally sufficient evidence. The girl, Claudia Thurman, testified that the defendant made the assault under circumstances which warranted a finding that it was with intent to have carnal knowledge forcibly and against her consent. She is corroborated to some extent by her uncle, one Marvin McGeogh, who was near the scene of the alleged crime at the time. It is said to have occurred at defendant's house, his wife being absent at the time. Just before dinner time, defendant and Marvin McGeogh came to the house, where this girl and the other younger children were, and remained there for dinner; that they drank some alcohol, and departed for the purpose of going to the home of McGeogh; that, just after leaving the house, and while still within sight thereof, defendant left McGeogh and went back to the house for the purpose of getting the bottle of alcohol. The girl testified that defendant returned, she being in the house nursing a small child, and went into another room and called her, and there made the assault.

She states that he choked her, but that just before he succeeded in accomplishing the purpose of his assault, her uncle, Marvin McGeogh, approached the house, and he desisted and went on out, and that she sat down and began crying. Marvin McGeogh testified that when defendant left him for the purpose of returning for the bottle of alcohol, he went into the house and remained there about thirty minutes, and that when he (witness) went to the house, he found the girl sitting in a chair crying. The credibility of both the witnesses was assailed by proof of contradictory statements made by each of them. But of this the jury was the judge, and we are of the opinion that the evidence is sufficient to sustain the verdict.

Error of the court is assigned in refusing to allow defendant's counsel to ask the impeaching witnesses what statements were made to them, or in their presence, by Claudia Thurman and Marvin McGeogh. The court did refuse to allow such question to be asked, but confined the examination of the witnesses to direct questions as to the particular statements on which a foundation for impeachment had been laid. The statute provides that, "before other evidence can be offered of the witness having made at another time a different statement, he must be inquired of concerning the same, with the circumstances of time and persons present." Kirby's Digest, § 3139. The court in this instance properly confined the examination to statements about which the witnesses sought to be impeached had been interrogated. Of course, it is to some extent a matter of discretion as to what form shall be adopted in propounding questions to the impeaching witnesses, and that discretion should not be disturbed by this court unless there has been a clear abuse.

While defendant was upon the stand as a witness, his attorneys offered to propound the following question, which was excluded by the court:

"Was there any contention or any difficulty pending between you and your wife about these goods or stores at the time you were arrested?" and the court also, after the witness had stated that he owned about five thousand dollars' worth of property at the time he was put in jail, excluded the question propounded to him as to what became of that property. These rulings of the court are assigned as error. It is sufficient

answer to this to say that there is nothing in the record to show what the answer of the witnesses would have been. Therefore, we can not say that the ruling of the court was prejudicial, even if the excluded testimony was competent. *Meisenheimer v. State,* 73 Ark. 407. We do not think, however, that this testimony was material, as it would not, as contended by counsel, have had any tendency to impeach the credibility of the girl, Claudia Thurman. Defendant's wife did not, of course, testify in the case, and it is not shown that she instituted the prosecution or took any active part therein. It seems that at the time of the alleged commission of this crime defendant's wife was at the store several miles away, and that, soon after defendant left the house, the child wrote a note to her mother, asking her to come home, as she had something to tell her concerning Mack Jones, her stepfather. Some time after that Mrs. Jones handed this note to Marvin McGeogh, who instituted the prosecution by causing defendant's arrest and examination before a justice of the peace. This was several weeks after the crime was committed, and in the meantime defendant and his wife were living as usual together in the same house. Under these circumstances we can not see that it would have affected materially the question of the child's credibility by showing that subsequently ill feeling and litigation arose between the defendant and his wife concerning their domestic affairs and property rights. Especially is this true where there is nothing to show that the child's mother took any active part in the prosecution of this case.

We find no prejudicial error in the record, and the judgment is therefore affirmed.