SIMMONS *v.* STATE.

Opinion delivered June 26, 1916.

1. APPEAL AND ERROR—REFUSAL TO HEAR TESTIMONY—RECORD.— Where error is assigned in the refusal of the trial court to hear testimony of a witness, the record must disclose the substance of the offered testimony so that it may be determined whether or not its rejection was prejudicial.

2. CRIMINAL LAW—INSTRUCTION ON ISSUE OF DEFENDANT'S PUNISHMENT.—An instruction in a criminal trial, that the jury might, among other things, consider the fact that a conviction would mean the incarceration of the defendant in the penetentiary held not to be prejudicial.

Appeal from Pike Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*W. S. Coblentz,* for appellant.

1. The court erred in refusing the defendant permission to prove, or attempt to prove, that the prosecutrix had a lover, and that the charge was made in order to shield that lover. The motives of the prosecuting witness may be shown. 2 Enc. Ev. 246; 33 Cyc. 1455; 125 S. W. 921; 116 *Id.* 872; 58 Ark. 353; 49 *Id.* 439. The exclusion was highly prejudicial.

2. It is error to single out testimony of accused and stress it in the charge to the jury. It is not the province of the court to charge the jury upon the effect or weight of the evidence. 114 Ga. 449; 49 Ark. 439; 58 *Id.* 353; 52 Fla. 57; 84 Neb. 76; 101 Okla. 509; 51 Ark. 147; 17 Cal. 146; 34 *Id.* 663.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1. The evidence as to a lover was immaterial. 72 Ark. 409; 84 *Id.* 16; 90 *Id.* 435; 103 *Id.* 123.

2. There was no error in the instructions. 78 Ark. 36; 62 *Id.* 543; 61 *Id.* 88; 58 *Id.* 353. The evidence is clear that the girl was below 16 years of age. Kirby's Dig. § 2008.

HART, J. Columbus Simmons was indicted under section 2008 of Kirby's Digest for carnally knowing a female person under the age of sixteen years. It was shown that the prosecuting witness was a female under the age of sixteen years at the time she testified that the crime was committed. She testified that the defendant had sexual intercourse with her on the night of November 22, 1915, in Pike County, Arkansas. She was unmarried at the time and said a child was born unto her as the result of such intercourse. Several other witnesses testified that the defendant admitted to them that he had had intercourse with a young girl on the night testified to by her.

The defendant testified in his own behalf and in positive terms denied his guilt. Other circumstances were introduced tending to corroborate his testimony.

The jury returned a verdict of guilty and from the judgment of conviction, the defendant has appealed.

The principal witnesses in the case were the prosecuting witness and the defendant himself. Other evidence was introduced tending to corroborate the testimony of the principal witness on each side. The jury by its verdict has said that it believed the testimony of the witnesses for the State. The verdict was warranted by the evidence and we are not at liberty to disturb it on appeal.

Counsel for the defendant assigns as error the action of the court in refusing to admit certain testimony.

A young companion of the prosecuting witness was asked if about the time the crime is charged to have been committed, she did not have a conversation with the prosecuting witness with regard to a lover. She first stated she did not understand the question and the prosecuting attorney also objected to it. The court permitted the question to be repeated to her and she answered, no. Again she was asked if the prosecuting witness had not stated that she loved some man. The court sustained an objection of the prosecuting attorney to this question and the witness was not permitted to answer it.

(1)  Where error is assigned in the refusal of the trial court to hear testimony of a witness, the record must disclose the substance of the offered testimony so that it may be determined whether or not its rejection was prejudicial. *Latourette* v. *State,* 91 Ark. 65; *Jones* v. *State,* 101 Ark. 439. In urging that the question was a proper one to ask the witness, counsel for the defendant stated to the court that he thought it was a material question because the prosecuting witness might have a lover and try to shield him. This falls short of stating to the court what the answer of the witness would have been. So far as the record discloses, the witness might have answered no. She probably would have so answered because she had already answered no to a question as to whether or not she had had a conversation with the prosecuting witness with regard to a lover.

Moreover, if the witness had answered yes, the question and answer would have been of a matter of such general character that it would not even have shed any light on the credibility of the defendant as a witness. *Peters* v. *State,* 103 Ark. 123.

(2)  It is next insisted that the court erred in an instruction as to the accused's credibility as a witness. It is unnecessary to set out this instruction. The court first instructed the jury as to the credibility and weight to be given to the testimony of the witnesses generally

and then instructed the jury as to the credibility to be given to the testimony of the defendant in substantially the same language as the instruction on that subject in *Jones* v. *State,* 61 Ark. 88. See, also, *Hamilton* v. *State,* 62 Ark. 543; *Weatherford* v. *State,* 78 Ark. 36. The particular language objected to in the instruction is that the court told the jury that they might consider, among other things, the fact that a conviction in the case would mean the incarceration of the defendant in the penitentiary. They claim that this is open to the objection of singling out the defendant and also singling out facts to be called to the attention of the jury. As said in *Hamilton* v. *State, supra,* a defendant on trial is already singled out by the indictment and the fact that he is on trial and directly interested in the results. Moreover, the court in its instructions would necessarily tell the jury what the punishment was if they should find the defendant guilty. Hence, the jury was bound to know that a verdict of guilty would mean confinement in the penitentiary to the defendant. While we do not think the clause in question in the instruction is erroneous, we think that the giving of the instruction in the language of that given on the subject in *Jones* v. *State,* 61 Ark. 88, was sufficient to call the attention of the jury to the manner in which the defendant would be affected by a verdict of guilty and the court might have well left out the clause objected to as tending to be argumentative.

We find no prejudicial error in the record and the judgment will be affirmed.