# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

DENTON *v.* STATE.

Opinion delivered October 22, 1917.

CRIMINAL LAW—DEFENDANT AS WITNESS—INSTRUCTION TO JURY.—In a criminal prosecution the defendant testified in his own behalf; the trial court instructed the jury on that particular point, as follows: "* * * His credibility and the weight to be given to his testimony are matters exclusively for the jury. In weighing the testimony of the defendant in this case you have the right to take into consideration his manner of testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of your verdict, as affecting his credibility. You are not required to blindly receive his testimony as true, but are to consider whether it is true and made in good faith, or only for the purpose of avoiding conviction." *Held* the giving of this instruction did not constitute error.

Appeal from Randolph Circuit Court; *J. B. Baker,* Judge; affirmed.

*S. A. D. Eaton,* for appellant.

1. It was error to give instruction No. 3. It charges the jury with regard to matters of fact. The case of 58 Ark. 353 is not the law, and should be overruled. 46 Ark. 151; 37 *Id.* 592; 45 *Id.* 173; 49 *Id.* 448; 43 *Id.* 289; 55 *Id.* 244; 53 *Id.* 381; 58 *Id.* 108; 16 S. W. 483; 183 *Id.* 1059, 1067; 191 *Id.* 1002; 192 *Id.* 469; 6 Okla. Cr. 356; 93 N. E. 790; 99 *Id.* 702; 71 *Id.* 405; 107 *Id.* 179; 2 Thompson on

Trials, 2421; 2 Bishop, New Cr. Law, 1182; 154 Pac. 1008; 100 N. W. 305; 62 Miss. 705; 59 So. 8; 48 Ga. 192; 49 Am. Rep. 185; 106 Pac. 556; 64 So. 1007; 19 S. W. 915, and many others.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1. Instruction No. 3 is an exact copy of one approved by this court. 58 Ark. 353; 61 *Id.* 88; 62 *Id.* 543; 78 *Id.* 36. The weight of authority supports the ruling by our court. 62 Ark. 543; 60 Mich. 123; 16 Nev. 310; 34 Cal. 191; 60 *Id.* 142; 99 N. Y. 422; 67 Cal. 378; 110 Ill. 11; 101 *Id.* 568; 71 Ia. 386; 13 Pac. 8; Thompson on Trials, § 2445.

WOOD, J. Appellant was convicted on an indictment charging him with the offense of selling intoxicating liquor, sentenced to one year imprisonment in the penitentiary, and this appeal is from that judgment.

Among others the court gave the following instruction:

"3. You are instructed that under the law the defendant has the right to testify in his own behalf; but his credibility and the weight to be given to his testimony are matters exclusively for the jury. In weighing the testimony of the defendant in this case, you have the right to take into consideration his manner of testifying, the reasonableness or unreasonableness of his account of the transaction, and his interest in the result of your verdict, as affecting his credibility. You are not required to blindly receive his testimony as true, but are to consider whether it is true and made in good faith, or only for the purpose of avoiding conviction."

The only question presented on this appeal is whether or not the court erred in giving the above instruction.

In *Vaughan* v. *State,* 58 Ark. 353, Vaughan had appealed from a judgment convicting him of murder in the first degree, and one of his assignments of error was that the court erred in giving an instruction identical with the instruction above set out. The court also, in the same case, in an instruction following the above, told the jury

that, "nowhere in these instructions does the court mean that you are to disregard the testimony given by any witness in this case. That is a matter solely with the jury, and it is not within the province of the court to tell the jury what weight you should give to the testimony of any witness." There was also the usual general charge as to the credibility of witnesses.

In refusing to reverse for the alleged error in giving the above instruction, the court said: "The instruction, when standing alone, can not be reasonably and fairly construed as tending to discredit the defendant's testimony before the jury. But, when taken in connection with the one following it, every possible or imaginary objection is removed. The law, as announced in this instruction, has been approved by the Supreme Courts of other States." And many authorities are cited.

The Vaughan case was carefully considered by us and the authorities for and against the ruling in giving the above instruction in existence at that time, so far as we had them before us, were thoroughly examined and we deliberately reached the conclusion that there was no error in granting the instruction, in connection with the other instructions on the question of the credibility of witnesses in that case. We said: "It is proper for the jury, in considering the weight to be given to the testimony of the defendant, to consider the interest he has in the result of the suit. Nor should they receive it blindly as true, but consider whether it is true and made in good faith," etc.

We added this cautionary suggestion, however, for the benefit of trial courts in the future: "Because of the difficulty, however, in so framing an instruction, where the defendant's name is mentioned at all, as not to give his testimony undue prominence, either for or against him, it would be better for trial judges to let him pass, with all the other witnesses, under the purview of a general charge as to the credibility of all the witnesses, leaving to the attorneys in argument to call the attention of the jury to any peculiar facts applicable to any particular

witness." Trial judges, however, have not always followed the suggestion there made as to the better practice in regard to mentioning specifically the name of the defendant, and consequently the instruction in the above form has reached us in several cases since the Vaughan case was decided. For instance, *Jones* v. *State*, 61 Ark. 88, and *Hamilton* v. *State*, 62 Ark. 543, both convictions for murder in the first degree, and *Weatherford* v. *State*, 78 Ark. 36, a conviction of murder in the second degree. In these cases this court adhered to the doctrine announced in *Vaughan* v. *State, supra*, and refused to reverse for alleged error in granting instructions identical with the one above quoted.

In *Hamilton* v. *State, supra*, Judge RIDDICK, speaking for the court, answering the argument of appellant's counsel that an instruction in the above form was prejudicial to the appellant because of the fact that it singled him out from the rest of the witnesses, said: "We think that this contention is not tenable. In the first place, a defendant on trial is already singled out by the indictment, and the fact that he is on trial and directly interested in the result. His position in the trial has already singled him out, and for this very reason it may be necessary in some cases to give an instruction on this point." Then after illustrating, the learned justice continues: "The defendant has the right to testify, and the jury should give his testimony the same impartial consideration that they accord to the testimony of other witnesses. They should not arbitrarily disregard what he testifies, simply because he is the defendant, nor, on the other hand, are they required blindly to receive a fact as true because he says it is true; but they are to consider his testimony in connection with the other facts in proof, in order to determine whether his statements are true and made in good faith, or made only to avoid conviction. The jury are the exclusive judges of the weight of such testimony. In considering the degree of credit to be given it, they may take into consideration his appearance and manner while testifying, the reasonableness or unreason-

ableness of his statements, and his interest in the result of the verdict. After a due consideration of his testimony, in connection with the other evidence in the case, they should give it such weight as they may deem it entitled to receive, their sole object being to ascertain the truth. We do not see that an instruction on this point would prejudice either the State or the defendant, but, as jurors are not always highly intelligent, it might in some cases avoid confusion in their minds, and tend to promote the ends of justice.''

Learned counsel for the appellant strongly insists that the court is in error in its former opinions and that these should be overruled and the instruction condemned as reversible error because in conflict with that clause of the Constitution which provides: ''Judges shall not charge juries with regard to matters of fact, but shall declare the law.'' Counsel manifests much zeal on behalf of his client in earnestly urging the court to reconsider the question long since put at rest by our numerous former opinions, and to declare the opposite view from that expressed in those cases to be the law in this. Counsel also has displayed considerable industry, when judged by the array of authorities which he has cited in his brief as supporting his contention; he has presented nothing new, however.

We are aware that there is a contrariety of view as to the correctness and propriety of the above instruction, as evidenced by decisions in various American courts of last resort, but, having already carefully gone over the subject in several cases and deliberately decided the matter contrary to the contention of counsel, we must respectfully decline to enter further upon a review of these authorities and adhere to our former decisions as being consonant with the better reason, and also, we believe, with the weight of authority upon the subject.

In at least one of the cases strongly relied upon by counsel for appellant, the opinion was by a divided court, the majority opinion condemning the above instruction as reversible error, being concurred in by three of the five

justices taking part in the decision of the case. *State* v. *Evans*, 183 S. W. (Mo.) 1059. One of the judges, dissenting from the view of the majority in condemning the instruction in the above form as reversible error, said: "Such an instruction is comparatively innocuous, since it but tells the jury that they may do the identical thing which they would do without being told." Thus repeating, in part, almost the identical language used by Judge RIDDICK in delivering the opinion of the court in *Hamilton* v. *State, supra,* holding that the giving of such instruction was not reversible error. The unanswerable reasoning in that case of one of the greatest judges that ever adorned this bench should settle forever the question in this State.

There is no error in the record, and the judgment is therefore affirmed.