HOLDER *v.* FRASER, JUDGE.

4558                                    219 S. W. 2d 625

Opinion delivered April 11, 1949.

*Shouse & Shouse* and *Willis & Walker*, for petitioner.

*Eugene W. Moore, N. J. Henley, Ike Murry*, Attorney General and *Jeff Duty*, Assistant Attorney General, for respondent.

GEORGE ROSE SMITH, J. This petition for a writ of prohibition presents a question of first impression in Arkansas. Petitioner was charged by separate informations with the involuntary manslaughter of three persons, caused by his driving a car in reckless, willful and wanton disregard of the safety of others. Ark. Stats. (1947), § 41-2209. After trial and conviction upon the first information petitioner interposed a plea of former jeopardy to the other charges. The court below rejected the plea; we are now asked to forbid a second trial.

As in most states, our constitution provides that no person shall be twice put in jeopardy of life or liberty for the same offense. Ark. Const., Art 2, § 8. The situation in which a single act has caused several injuries or deaths has created two lines of authority in the American decisions. Doubtless this disagreement is occasioned by the fact that this situation lies at the intersection of conflicting principles of public policy. On the one hand, the apparent injustice of trying a man repeatedly for the consequences of a single action has led many courts to hold that there is only one offense. On the other, the natural inclination to attach greater gravity to the killing of several persons than to the killing of one has been emphasized by other courts in finding multiple offenses in the same act.

We touched upon but did not decide the question in *Jones* v. *State*, 61 Ark. 88, 32 S. W. 81, on which both petitioner and respondent rely. There we pointed out that some authorities hold that but one offense results from a single act and volition. We distinguished those cases, however, on the ground that the deaths in the *Jones* case were not in consequence of one act, although closely connected in point of time.

We also said that Jones could not have been convicted of the murder of A under an indictment for the murder of B, or *vice versa*. The respondent insists that this language is decisive here, but this approach does not reach the heart of the problem. If a thief simultaneously steals two objects, the State may charge him with the theft of one, and under that indictment he cannot be convicted of stealing the other. A plea of double jeopardy would nevertheless bar a second trial for larceny; for there is only one offense, which the State cannot subdivide by making separate accusations. Thus if the deaths in the *Jones* case had really been one offense, the State could not have split the public cause of action into piecemeal charges. We must evidently go beyond the language of that opinion to answer the question now presented.

When the crimes involve the element of intent we see no difficulty in finding two offenses in one act. If the accused kills two people by immediately successive pistol shots, it is unlikely that any court would forbid a second trial. As far as the policy against double jeopardy is concerned, we do not see that it makes any difference if the accused accomplishes the same purpose at one stroke, as by the use of poison or a shotgun. If he has a distinct and severable intention to bring about the death of each victim, then each intention is a necessary element of a separate offense against the State. This point of view is well expressed in *People* v. *Warren*, 1 Parker's Cr. Rep. (N. Y.) 338.

To what extent is this reasoning applicable to the present case? What the statute punishes is driving with reckless, willful and wanton disregard for the safety of others. The offense does not involve intent in the sense of a deliberate desire to bring about a certain result. Petitioner accordingly urges us to follow such cases as *State* v. *Wheelock*, 216 Iowa 1428, 250 N. W. 617, holding that a single act of negligence does not constitute three offenses even though it causes three deaths.

We need not express an opinion as to the merits of the rule just stated, for here we are confronted with conduct that was reckless rather than merely negligent.

Recklessness is more closely akin to intent than is sometimes realized. It has been described as conduct involving a risk to others that is out of all proportion to its own utility. As the disproportion between utility and risk increases, a point is reached at which the degree of culpability becomes indistinguishable from that inherent in activity by which harm to others is consciously intended. See Rest., Torts, § 282, Comment *d*. We have said that willful negligence involves consciousness of one's conduct and contains an element equivalent to constructive intent. *Froman* v. *J. R. Kelley Stave & Heading Co.*, 196 Ark. 808, 120 S. W. 2d 164.

Whether particular conduct is cautious or reckless depends upon its attendant circumstances. To drive a car at sixty miles an hour may demonstrate extreme caution upon a race-track and yet may be almost as culpable as murder if done in a crowded city street. Here petitioner is charged with driving recklessly, willfully and wantonly in such circumstances that three people were killed. It is stated that he was under the influence of intoxicants at the time. On the basis of these allegations we must treat petitioner's conduct as being equivalent to a conscious and deliberate disregard for the safety of others. Such behavior borders so closely upon that motivated by actual intent that we have no hesitancy in saying that the same reasoning is applicable. Petitioner risked a violation of the statute as to each person whose life he imperiled and may be held separately responsible for each death proximately resulting from the prohibited conduct.

Writ denied.

GRIFFIN SMITH, C. J., ROBINS and McFADDIN, JJ., concur.

ED. F. McFADDIN, Justice, concurring. I agree with the result reached in this case—*i. e.*, that the writ of prohibition should be denied—but I arrive at such result by a method of reasoning entirely different from that which is stated in the opinion of Mr. Justice GEORGE ROSE SMITH. Since the matter of multiple homicides may

arise in some future case, I desire to state my reasons for voting to deny the writ of prohibition:

1. Our Statute (§ 2980, Pope's Digest, § 41-2207 Ark. Stats. of 1947) defines manslaughter as:

"The unlawful killing of a human being . . ." I emphasize that the crime relates to "*a* human being" and not to "human beings." A separate crime is committed every time *any* human being is unlawfully killed. If six persons are unlawfully killed at the same time, then six crimes are committed. Our statute does not give a criminal a "bargain rate" on wholesale homicides.

2. Anything that might have been said in our earlier cases, contrary to the paragraph immediately *supra,* has been changed by the provisions of Initiated Act 3 of 1936 (found on page 1384, *et seq.,* of the volume containing the Acts of 1937). Section 20 of the said Act 3 amended § 3016, Crawford & Moses' Digest, (relating to the joinder of offenses) so that the section with subdivision 12 added now reads:

"The offenses named in each of the subdivisions of this section may be charged in one indictment:

. . , . .

"Twelfth. The homicide of several persons, when committed by the same person or persons, at the same time or in furtherance of the same criminal design."

This twelfth subdivision was entirely new to § 3016, Crawford & Moses' Digest, and expressly allows the *several* offenses to be charged against an accused in one indictment charging the "homicide of several persons when committed. . . . at the same time." This quoted language from the initiated act certainly means that the unlawful killing of several persons, although done at the same time, constitutes separate offenses. Since separate offences were committed, then the conviction for one such killing would not allow the plea of former jeopardy to be sustained when the accused was brought to trial for another such killing, although done at the same time.

Without laboring the point, I reiterate that in my opinion a separate offense is committed by each unlawful killing, and therefore the writ of prohibition was properly denied in this case. I am authorized to state that the Chief Justice and Mr. Justice ROBINS agree with the views herein expressed.