George D. COLEMAN *v.* STATE of Arkansas

CR 74-18                                   509 S.W. 2d 824

Opinion delivered June 3, 1974

---

[2]There was no objection to any instruction.

*Harold L. Hall,* Public Defender, and *Garner L. Taylor, Jr.,* Dep. Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert S. Moore, Jr.,* Asst. Atty. Gen., for appellee.

CARLETON HARRIS, Chief Justice. Appellant, George D. Coleman, was charged and convicted of Robbery, appellant employing a firearm in the commission of the crime. The jury also found, at a subsequent hearing, that he had been previously convicted of three felonies and sentenced him to 30 years imprisonment. From the judgment so entered, appellant brings this appeal. Three points are asserted for reversal which we proceed to discuss in the order listed.

It is first alleged that error was committed by the trial court in allowing cross-examination of appellant regarding prior convictions, since Coleman was also charged as an habitual criminal. Our habitual criminal statute, Ark. Stat. Ann. § 43-2330.1 (Supp. 1973) sets forth the procedure to be used in the trial of an individual as an habitual criminal. Subsection (1) provides:

> "The jury shall first hear all of the evidence pertaining to the current charge against the defendant and shall retire to reach its verdict, as to this charge, based only upon such evidence; provided, however, that nothing herein shall prohibit cross-examination of a defendant as to previous convictions when the defendant takes the stand in his own defense."

In the case before us, Coleman took the witness stand in

his own defense and denied participation in the robbery; however, on cross-examination, he admitted having been convicted of three felonies. Appellant asserts, *inter alia,* that this line of questioning violated his privilege against self-incrimination guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and violated his right to a fair and impartial trial guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, as well as violating Article II, Section 8 of the Arkansas Constitution. We do not agree. The United States Supreme Court, in *Spencer* v. *Texas,* 385 U.S. 554, held contrary to appellant's contentions, stating that the due process clause of the Fourteenth Amendment was not violated and further finding that no "due process decision of this court even remotely supports the proposition that the states are not free to enact habitual offender statutes of the type Texas has chosen [and this would apply to Arkansas]." The court mentioned several situations where such evidence would be admissible and would not violate any constitutional right of a defendant, including instances of the state seeking to impeach the credibility of the witness. That was the purpose of the questions asked by the prosecuting attorney in the present case.

In the Arkansas case of *Hughes and Bridges* v. *State,* 249 Ark. 805, 461 S.W. 2d 940, this court stated:

"We have said numerous times that when a defendant takes the stand, he is subject to the same rules of evidence as other witnesses, and for the purpose of throwing light on his credibility, may in good faith, be asked about other crimes he may have committed, and other convictions, ***."

We find no merit in this contention.

It is next urged that error was committed in allowing appellant, on cross-examination, to be questioned regarding his guilt of criminal offenses with which he was presently charged. The record reflects that Coleman, while adamantly denying guilt of the charge upon which he was being tried, very readily admitted that he was guilty of two crimes with which he had been formally accused, though the trials had

not been held. The admission of this testimony did not constitute error. In *Black* v. *State,* 250 Ark. 604, 466 S.W. 2d 463, a similar contention was made and we held there was no error, stating:

> "It is appellant's contention that the last question was reversible error since that charge is only pending against Black, not yet having been tried. We do not agree, and have held contrary to this contention in several cases. It will be noted that the prosecutor did not ask Black if he had been *indicted* or *charged* with raping a woman in Memphis, but rather asked him if he were not guilty of that offense."

Finally, it is asserted that error was committed by the trial court in permitting the prosecutor to ask Coleman if he was, in contemplation of the law, an habitual criminal, and, says appellant, it was error not to grant a mistrial after this remark was made. The record reflects that, after Coleman had admitted the three felony convictions, and had further admitted his guilt as to the two additional crimes with which he had been charged, the prosecutor said, "Mr. Coleman, you're what is known in contemplation of the law as a habitual criminal, is that correct?" Appellant answered, "No, sir; I'm not a habitual criminal." Counsel for appellant then moved for a mistrial which was denied. It is not clear just exactly what the question referred to, i.e., whether the prosecutor was using the expression as inquiring whether appellant was a person who frequently committed crimes, or whether he was referring to an habitual offender as defined by the statute. At any rate, we cannot possibly see how any prejudice could have resulted from this remark. The jury heard the evidence of prior convictions and acknowledged guilt of other offenses from the witness himself, and any damage to the credibility of the witness was unquestionably due to his own answers rather than what the prosecutor said. For that matter, he denied being an habitual criminal.

It might be mentioned that statutory procedures relating to habitual criminals as set out in Ark. Stat. Ann. § 43-2330.1 (Supp. 1973) were explicitly followed. The jury first retired to deliberate on the evidence pertaining to appellant's guilt of

the current charge, and returned its verdict of guilty. Thereafter, in compliance with subsections (2) and (3) of the aforementioned section, the jury heard evidence of appellant's prior convictions, such evidence being given by Margaret Smith, Keeper of the Records for the Fourth Division Circuit Court, together with a certified copy of a commitment for Burglary, an offense committed in Saline County. Following the introduction of such evidence, the jury then again retired and returned its verdict fixing the punishment as heretofore mentioned.

Finding no reversible error, the judgment is affirmed.

It is so ordered.