Larry BROWN *v.* STATE of Arkansas

CR 77-121                                    556 S.W. 2d 418

Opinion delivered October 17, 1977
(Division I)

transcript had been lodged with this Court and after appellants had expended $1,590.58 on brief costs.

*Seay & Bristow,* by: *Bill W. Bristow,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This charge of aggravated robbery arose from the armed robbery of a grocery store in Jonesboro. On motion the venue was changed to Mississippi county. The defendant denied the charge, asserting that he was in Memphis, Tennessee, at the time of the crime. The jury returned a verdict of guilty and assessed the punishment at ten years in prison. There is no merit in either of the two arguments for reversal.

First, the transcript that was sent from Craighead county to Mississippi county was not certified by the Craighead circuit clerk until about two weeks after the trial. No objection to the belated certification was made in the trial court; but it is argued here, on the authority of two early cases having to do with a clerk's failure to attach his official seal to such a certification, that the trial was void. *Ball v. State,* 48 Ark. 94, 2 S.W. 462 (1886); *Hudley v. State,* 36 Ark. 237 (1880).

The technical rule followed in those two cases was changed by a statute providing that a judgment of conviction should be reversed for prejudicial errors only. *Lee v. State,* 73 Ark. 148, 83 S.W. 916 (1904). That is still the law. We do not reverse a judgment for non-prejudicial errors. *Underdown v. State,* 220 Ark. 834, 250 S.W. 2d 131 (1952); and see Ark. Stat. Ann. § 43-2725.2 (Supp. 1975). Here there is no contention that the delayed certification was not correct.

Brown testified that he was in Memphis at the time of the robbery. His sister was called to testify that Brown telephoned her that evening and said that he was in Memphis. The court sustained the State's objection to the latter statement.

The court's ruling was correct, the self-serving statement being hearsay. It is argued, however, that the statement was relevant as a rebuttal of the State's implication that Brown's own testimony that he was in Memphis was a recent fabrication. It may be noted that testimony actually rebutting an implied charge of recent fabrication is declared not to be hearsay by the Arkansas Uniform Rules of Evidence. Ark. Stat. Ann. § 28-1001, Rule 801 (d)(1)(ii) (1976).

Here the appellant misconceives the meaning and purpose of the rule. The principle applies, even apart from statute, when there is an express or implied charge that a witness has fabricated a statement that he is now making under oath. It is then proper, and not hearsay, to show that he made the same statement before the motive for fabrication came into existence. Wigmore, Evidence, § 1129 (rev. ed., 1972); McCormick, Evidence, § 49 (2d ed., 1972). It has been correctly pointed out that the word "recent," describing the fabrication, is merely a relative term, meaning that the challenged testimony was fabricated to meet the exigencies of the case. *People* v. *Singer,* 300 N.Y. 120, 89 N.E. 2d 710 (1949). The principle has no application here; for Brown, if guilty, had the same motive for fabrication when he made the alleged telephone call as he had when he testified in the case.

Affirmed.

We agree. FOGLEMAN, ROY, and HICKMAN, JJ.