ARKANSAS STATE HIGHWAY COMMISSION *v.*
PULASKI INVESTMENT COMPANY et al

78-325                                         580 S.W. 2d 679

Opinion delivered April 23, 1979
(Division I)
[Rehearing denied June 4, 1979.]

*Thomas B. Keys* and *Kenneth R. Brock,* for appellant.

*Friday, Eldredge & Clark,* by: *George Pike Jr.,* for appellees.

DARRELL HICKMAN, Justice. The Arkansas State Highway Commission appeals a condemnation case from the Pulaski County Circuit Court in which the jury awarded the appellee, Pulaski Investment Company, et al, $234,400.00 for the taking of 32.92 acres to be used in the construction of the East Belt Freeway through Pulaski County.

The Commission alleges three errors on appeal, two of which are without merit. These two relate to the use of a sale by the appellees' expert witnesses, C. V. Barnes and James Larrison, in arriving at a damage figure. The particular sale occurred about 14 months after this condemnation case was commenced. The Little Rock Port Authority was the seller, Reynolds Metals Company the buyer; the price was $18,750 per acre. Both experts reduced the value of the land, discounting any enhancement to the property that might result from the construction of the freeway. Barnes reduced it to $11,700 per acre; Larrison to $12,000 per acre. Barnes said he considered it a comparable sale that could be used as both a before and an after sale; Larrison used it as an after sale. The only objection at the trial was that the sale was, in fact, an after sale enhanced by the proposed construction and, therefore, the experts' opinions of before value were without any fair or reasonable basis.

The appellant argues on appeal that all of the before value testimony of these witnesses should be stricken because of the improper use of this sale. We have permitted expert witnesses to make adjustments or to explain the difference between similar tracts. *Ark. State Hwy. Comm'n* v. *Sargent,* 241 Ark. 783, 410 S.W. 2d 381 (1967). According to the experts they reduced the value of the property to preclude any possibility of enhancement.

The appellant's argument is also without merit because it is argued that the entire before value testimony of the experts should be stricken on the basis that one sale was improperly considered. We have held many times that such a motion is improper where there is any basis for such an opin-

ion. *Ark. State Hwy. Comm'n v. Barnes,* 263 Ark. 567, 566 S.W. 2d 148 (1978). The record shows that Barnes and Larrison relied on other sales and additional information; therefore, we find that their opinions did, in fact, have some fair and reasonable basis.

The third point has merit: The appellant was improperly restricted in its cross-examination of the witness Barnes. The appellant tried to show that Barnes had in other similar cases refused to recognize the principle of enhancement, i.e., the value of a landowner's remaining property adjacent to a highway is increased as a result of the highway's construction.

It was the appellant's theory that appellees' remaining property, about 40 acres which will lie in a quadrant of an interchange after construction of the freeway, would be enhanced and appellees' damages thus reduced. The Commission's attorney attempted to ask Barnes about his testimony in four previous condemnation cases where part of an owner's land was taken leaving the remainder of the property adjacent to a quadrant of the interchange after construction. The trial court prohibited any such examination. That was error. In a similar case, ironically involving this same witness, we said:

> In view of the necessity for a new trial two other points should be mentioned. First, the court was unduly strict in limiting the highway department's cross-examination of the witness Barnes. The great value of the right of cross-examination has been emphasized so frequently that we need not cite the cases. Counsel sought to show, by interrogating Barnes, that in other condemnation cases he had testified that the taking had not enhanced the value of the landowner's remaining land, which was thereafter promptly sold at prices in excess of the valuation given by the witness. Of course, the trial judge has much discretion in controlling cross-examination, so that the inquiry does not go too far afield. Even so, if counsel could bring out by Barnes' own admissions that his earlier testimony had proved to be wrong in a number of instances, his credibility might well have been seriously impaired. The effort should have been permitted.

*Ark. State Hwy. Comm'n* v. *Lewis,* 258 Ark. 836, 529 S.W. 2d 142 (1975).

The Commission's attorney properly proffered Barnes' testimony in chambers by asking him questions and soliciting answers. While Barnes did not acknowledge that he was aware of enhancement in such cases, that is, that the landowner later received a larger sum of money for the adjacent property than Barnes estimated its worth, the questions that were asked of Barnes were proper and his answers were admissible. His knowledge, or lack of knowledge, and his record of accuracy regarding the value of property would go to the credibility to be given his testimony as an expert witness. Ark. Stat. Ann. § 28-1001, Rules 607 and 611 (Supp. 1977). Of course, the Commission may well be bound by his answers to his knowledge of afterfacts; but the questions and answers, themselves, are admissible.

We have emphasized before that wide latitude must be afforded in cross-examination. In the case of *Arkansas State Hwy. Comm'n* v. *Dean,* 247 Ark. 717, 447 S.W. 2d 334 (1966), we said:

> The proper cross-examination of a witness is the most effective attack that can be made upon his credibility and the best means of diminishing the weight which might be accorded his testimony. A wide latitude is permitted in cross-examination as to questions tending to impeach the credibility of a witness or in eliciting matter for consideration of the jury in weighing the testimony . . . Where the testimony of a witness is opinion evidence, it is essential that opportunity for thorough cross-examination be accorded. . . .Courts should be especially liberal in allowing full and complete examination of an expert witness. . . .

We find it was prejudicial error to limit the appellant in its cross-examination of Barnes and, therefore, reverse the judgment and remand the cause to the trial court for a new trial.

Reversed and remanded.

588

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.