## Truman BOLDEN *v.* STATE of Arkansas

CR 79-134                                   593 S.W. 2d 156

Opinion delivered January 14, 1980
(In Banc)
[Rehearing denied February 19, 1980.]

*Anthony Wayne Emmons,* Dyersburg, Tenn., for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was convicted of first degree battery, a class B felony. We reversed and remanded. *Bolden* v. *State,* 262 Ark. 718, 561 S.W. 2d 881 (1978). On retrial he was again found guilty of first degree battery, receiving a sentence of ten years' imprisonment. He brings this appeal which was certified to this court from the Court of Appeals pursuant to Rule 29, § (1) (J), Rules of the Arkansas Supreme Court and Court of Appeals.

When we review the evidence in the light most favorable

to the appellee, as we must do on appeal, we agree with appellant there is no substantial evidence to support his conviction for first degree battery. There is no evidence from which the jury could have found, without resorting to surmise and conjecture, that appellant had committed first degree battery under any of the provisions of Ark. Stat. Ann. § 41-1601 (Repl. 1977), which provides in pertinent part:

> (1) a person commits battery in the first degree if:
> (a) with the purpose of causing serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon; or
> (b) with the purpose of seriously and permanently disfiguring another person, or of destroying, amputating or permanently disabling a member or organ of his body, he causes such an injury to any person; or
> (c) he causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life; or . . .

To sustain a conviction of first degree battery, "life endangering conduct" must generally be involved; there must be a severe injury in conjunction with a wanton or purposeful culpable mental state; and each recited subsection of § 41-1601, *supra*, "describes conduct that would produce murder liability if death resulted." Commentary to § 41-1603. Clearly, an element of first degree battery is the intent to inflict serious physical injury. *Golden* v. *State*, 265 Ark. 99, 576 S.W. 2d 955 (1979).

Here a policeman testified that he was writing a citation, charging appellant with a traffic offense when he was unexpectedly struck in the back of the head. He was felled and dazed by the blow. A struggle ensued. According to the officer, the appellant and his brother kicked and beat him about his head and chest. The officer suffered a broken jaw and ribs. The officer had not produced (drawn) any weapon when he received the blow; his gun holster was snapped when he received the blow; and he had no idea what type of instrument, if any, caused the injury. His nightstick was in the front part of the car. The appellant was in the back seat of the patrol car, within reach of the nightstick, immediately

prior to his receiving the blow. The officer did not know what caused the injury. The physician who examined the officer shortly after the incident testified that he had not observed any contusion on the officer's head, and there was no physical evidence of a severe blow to the back of the head. With regard to his jaw injury, the officer testified that he did not know what had caused the injury, although, as previously indicated, appellant and his brother kicked and beat him about his head and chest. Although the officer testified that the appellant got possession of his gun during the struggle, pointed it at him, and threatened to kill him, he did not testify that the appellant had struck him with the gun, nightstick or any weapon. The physician testified that the injury could have resulted from a blow from someone's fist. The appellant admitted only that it was possible he hit the officer with his elbow during the scuffle.

This recited evidence would only justify a conviction of second degree battery pursuant to § 41-1602 which provides in pertinent part:

(1)  A person commits battery in the second degree if:
(a)  with the purpose of causing physical injury to another person; . . . or . . .
(c)  with the purpose of preventing a law enforcement officer or fireman from acting in the line of duty, he causes physical injury to any person . . .

Appellant's other assignments for reversal have no merit since they are unsupported by convincing argument or citation of authority. *Dixon* v. *State*, 260 Ark. 857, 545 S.W. 2d 606 (1977).

Since the evidence is insufficient to support a conviction of first degree battery, the judgment is reversed and the cause remanded.

HICKMAN, J., concurs.

STROUD & MAYS, JJ., not participating.