ARKANSAS STATE HIGHWAY COMMISSION *v.*
PULASKI INVESTMENT COMPANY et al

80-304                                              614 S.W. 2d 675

Supreme Court of Arkansas
Opinion delivered May 4, 1981

*Thomas B. Keys* and *Chris Parker*, for appellant.

*Friday, Eldredge & Clark*, by: *George Pike, Jr.*, for appellee.

DARRELL HICKMAN, Justice. This is the second appeal of this condemnation case. See *Arkansas State Highway Comm'n* v. *Pulaski Investment Co.*, 265 Ark. 584, 580 S.W. 2d 679 (1979).

On this appeal the Arkansas State Highway Commission argues two errors: The owner and appellee introduced testimony contrary to a pretrial motion *in limine*; there is no substantial evidence to support the $152,000.00 verdict.

Relevant portions of the motion *in limine* read:

... the defendants, its witnesses and its attorney [are prohibited] in the trial of this cause from testifying, arguing, or in any way making reference to the fact that the plaintiff had condemned a part of the defendant's land [Tract 313R] for the purposes of exchanging it for other property to be used as right-of-way for the highway project in question.

Reference was made to the sale of Tract 313R by two expert witnesses who used that sale as one comparable for their opinion testimony. Such testimony was authorized in our first decision.

The record reflects that at best the appellant only has an argument that the order was violated; there is no obvious violation. The order granting the motion *in limine* was somewhat broad and necessarily was subject to some judgment in interpretation and enforcement. We have concluded that the questioned testimony did not violate the court's order. While the history of the sale of Tract 313R was recited, it was not mentioned that the Highway Commission acquired this tract "for the purposes of exchanging" it, which was the essence of the prohibition.

The Highway Commission conceded that it made no proper objection during trial to the testimony concerning Tract 313R, but argues that an objection was unnecessary since a motion *in limine* was granted. We need not reach that issue since we find no violation of the order.

The second allegation of error is without merit since no objection of any sort was made at the trial in this regard.

Affirmed.

GEORGE ROSE SMITH., J., concurs.

HOLT, J., not participating.

GEORGE ROSE SMITH, Justice, concurring. I agree that in this case there was no actual violation of the court's order sustaining the appellant's threshold motion. Such motions,

however, which were almost never filed thirty years ago, are becoming more and more frequent. For that reason I venture to make some observations that perhaps go beyond the particular necessities of this case.

In *Kitchen* v. *State*, 271 Ark. 1, 607 S.W. 2d 345 (1980), we pointed out that the trial judge should deny a threshold motion that is vague and indefinite, because the motion is properly used to prohibit the mention of some specific matter, perhaps of an inflammatory nature, until its admissibility has been shown out of the hearing of the jury. If a sufficiently specific motion is overruled, then it may not be necessary for counsel to renew his objection if the specific prejudicial matter is later introduced. See *Ward* v. *State*, 272 Ark. 99, 612 S.W. 2d 118 (1981).

In the case at bar the threshold motion should have been overruled, because, as the majority observe, it was somewhat broad and necessarily subject to some judgment in its interpretation. The court, however, sustained the motion, broad as it was. There was in fact no violation of the court's prohibitory ruling. I write this concurrence to emphasize my firm belief that if there had been a violation, it would have been incumbent upon appellant's counsel to renew his objection, because he was responsible for the vagueness in his motion. A renewal of the objection would permit the trial judge to determine at once whether the proffered testimony in fact fell within the vague contours of the motion. If such a renewed objection is not required there will always be the possibility of what Llewellyn aptly called "the horror of a new trial," since a definitive ruling will not be made until an appeal is taken and may then result in a second trial that should have been avoided.