William H. SMITH *v.* STATE of Arkansas

CR 80-249                                616 S.W. 2d 14

Supreme Court of Arkansas
Opinion delivered May 26, 1981

*E. Alvin Schay,* State Appellate Defender, by: *Matthew Wood Fleming,* Deputy Defender, and *James Davis,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *C. R. McNair, III,* Asst. Atty. Gen., for appellee.

ROBERT H. DUDLEY, Justice. William Smith, the appellant, was charged with the murder of his wife and her paramour. Both homicides occurred near the same time and place. The separate charges were consolidated for trial. The jury found appellant guilty of murder in the first degree of Nelda Smith, his wife, and guilty of murder in the second degree of Lee Green. The sentences were life imprisonment and twenty years in prison, to be served consecutively. Appellant argues that the trial court erred in granting a threshold motion, or motion in limine, which prohibited "any reference to prior altercations" between appellant and the victims.

He contends the exclusion of the following proffered evidence prevented him from presenting a justification defense:

(1) Victim Nelda Smith had shot him on two prior occasions, once with a rifle and once with a shotgun. The first incident occurred two years before the date of the homicides and the second was four months beforehand. The first attack caused permanent injury to his shoulder and the second caused his thumb and finger to be blown away.

(2) Both victims had threatened to kill him.

(3) Victim Lee Green had pulled a gun on him and threatened to kill him three months before these homicides.

Ark. Stat. Ann. § 41-507 (Repl. 1977) provides:

Justification — Use of deadly physical force in defense of a person. — (1) A person is justified in using

deadly physical force upon another person if he reasonably believes that the other person is:

\* \* \* \* \*

(b) using or about to use unlawful deadly physical force.

Evidence of a victim's violent character, including evidence of specific violent acts, is admissible where a claim of justification is raised. Such evidence is relevant to the issue of who was the aggressor and whether or not the accused reasonably believed he was in danger of suffering unlawful deadly physical force. Rule 404 (a) (1) Arkansas Rules of Evidence (Ark. Stat. Ann. Vol. 3A Repl. 1979). *Pope* v. *State,* 262 Ark. 476, 557 S.W. 2d 887 (1977). The ruling excluding this evidence was erroneous.

The ruling on this threshold motion was in error for an additional reason. The motion did not precisely define a time or subject matter which was prohibited. The resulting confusion was apparent when the prosecuting attorney thought the ruling meant the appellant could not testify about statements or threats made at the moment of the homicides, while the appellant's attorney thought it only applied to previous incidents. This confusion is to be avoided. One of the reasons for granting a threshold motion is to relieve the movant from the necessity of objecting to evidence in the presence of the jury. If there is any confusion concerning the period of time or subject matter, a party may be substantially harmed on appeal for a failure to object at trial. This should be avoided.

A part of the concurring opinion in *Arkansas State Highway Com'n.* v. *Pulaski Investment Co. et al,* 272 Ark. 389, 614 S.W. 2d 675 (May 4, 1981) is material:

In *Kitchen* v. *State,* 271 Ark. 1, 607 S.W. 2d 345 (1980), we pointed out that the trial judge should deny a threshold motion that is vague and indefinite, because the motion is properly used to prohibit the mention of some specific matter, perhaps of an inflammatory

nature, until its admissibility has been shown out of the hearing of the jury. If a sufficiently specific motion is overruled, then it may not be necessary for counsel to renew his objection if the specific prejudicial matter is later introduced. See *Ward* v. *State,* 272 Ark. 99, 612 S.W. 2d 118 (1981).

In the case at bar the threshold motion should have been overruled, because, as the majority observe, it was somewhat broad and necessarily subject to some judgment in its interpretation .... if there had been a violation [of the threshold ruling], it would have been incumbent upon appellant's counsel to renew his objection, because he was responsible for the vagueness in his motion. A renewal of the objection would permit the trial judge to determine at once whether the proffered testimony in fact fell within the vague contours of the motion.

We find the error in granting the motion to be prejudicial error.

Reversed and remanded.