## STATE of Arkansas *v.* W. T. VOWELL

CR 82-41                                        634 S.W.2d 118

Supreme Court of Arkansas
Opinion delivered June 1, 1982
[Rehearing denied June 28, 1982.]

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for petitioner.

*Rhine, Rhine & Young,* by: *Robert E. Young,* for respondent.

ROBERT H. DUDLEY, Justice. The Court of Appeals reversed and remanded respondent's conviction for first degree battery. *Vowell v. State,* 274 Ark. App. 150, 628 S.W.2d 599 (1982). The reversal was based upon two points of statutory interpretation. We granted certiorari pursuant to Rules 29 (6) (a) and 29 (1) (c) to review (1) whether voir dire was conducted in accordance with Ark. Stat. Ann. § 43-1903 (Repl. 1977), and (2) whether there was error in admitting

evidence pursuant to Ark. Stat. Ann. § 28-1001, Rule 404 (b) (Repl. 1979).

At trial, the respondent Vowell moved that the State and the respondent voir dire each prospective juror one at a time and, at the conclusion of individual voir dire, the State and then the respondent exercise their peremptory challenges. The trial court denied the motion and ruled that the State could conduct voir dire on three jurors at a time and the respondent could conduct individual voir dire. The Court of Appeals held that § 43-1903 requires that voir dire be conducted upon one prospective juror and that juror be accepted or rejected before the next juror be examined. We reverse the holding of the Court of Appeals because the respondent has shown no prejudice, even though an erroneous voir dire procedure may have been used. In his designation of the record for appeal the respondent specifically excluded voir dire questioning. As a result, we do not know whether either party exercised a peremptory challenge.

Before the State can gain an unfair advantage by the procedure used at trial it must exercise a peremptory challenge. Since the record does not reflect peremptory challenges, if any, the respondent has not demonstrated prejudice. In Arkansas we have long held that a judgment of conviction will be reversed for prejudicial errors only. *Lee* v. *State,* 73 Ark. 148, 83 S.W. 916 (1904). That is still the law. We do not reverse for non-prejudicial errors. *Brown* v. *State,* 262 Ark. 298, 556 S.W.2d 418 (1977). We have often applied this principle to jury selection. *Conley* v. *State,* 270 Ark. 886, 607 S.W.2d 328 (1980); *Satterfield* v. *State,* 252 Ark. 747, 483 S.W.2d 171 (1972); *Green* v. *State,* 223 Ark. 761, 270 S.W.2d 895 (1954). Thus, we reverse the Court of Appeals on this point.

The evidence indicated the respondent had been drinking most of the day and was driving in an intoxicated condition when his automobile crossed the center line of a highway and collided with the victim's vehicle. The respondent took the stand and testified on direct examination that the wreck was an accident caused by a mechanical

malfunction of his automobile. The trial court allowed the State to cross-examine him about three convictions within the past twenty-six months for driving while under the influence of intoxicants in violation of Ark. Stat. Ann. § 75-1027 (Repl. 1977) and allowed the State to cross-examine him about driving while his license was revoked. The Court of Appeals held the questions on cross-examination were improper. We reverse the holding of the Court of Appeals on this issue and hold that the cross-examination was proper.

Rule 404 (b) is as follows:

(b)   Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The respondent was charged with causing serious physical injury "under circumstances manifesting extreme indifference to the value of human life." Ark. Stat. Ann. § 41-1601 (1) (c) (Repl. 1977). The quoted phrase is not more specifically defined in the Criminal Code, but it is in the nature of a culpable mental state, *Martin* v. *State,* 261 Ark. 80, 547 S.W.2d 81 (1977), and therefore is akin to "intent," for the proof of which evidence of other offenses is admissible under Rule 404 (b).

Pursuant to Rule 404 (b) the evidence of the three convictions for driving while under the influence of intoxicants and the fact respondent was driving while his license was revoked were admissible on cross-examination to prove the warning quality of the other convictions and to infer that the respondent must have arrived at a mental state inconsistent with mistake and consistent with the culpable mental state of causing serious physical injury "under circumstances manifesting extreme indifference to the value of human life."

Because of its disposition of the case, the Court of

Appeals did not rule on respondent's point alleging that the trial court committed error in failing to grant a directed verdict. Because of our holding, we have found it necessary to examine the point and we find the evidence was sufficient to support the conviction. We find no reversible error in the other five points raised.

Reversed and the judgment of conviction is affirmed.

HICKMAN and PURTLE, JJ., concur.

DARRELL HICKMAN, Justice, concurring. I concur with the result. I have not changed the view I expressed in *Martin v. State*, 261 Ark. 80, 547 S.W.2d 81 (1977). Therefore, I can find no "intent" or culpable mental state in the charge of first degree battery. I feel the prior convictions were admissible simply to rebut Vowell's statement that the vehicular collision was an accident. See Ark. Stat. Ann. § 28-1001, Rule 404 (b); *Enriquez* v. *U.S.*, 188 F.2d 313 (9th Cir. 1951).

PURTLE, J., joins in this concurrence.