Willard NOLEN, Jr. *v.* STATE of Arkansas

CR 82-146                                        643 S.W.2d 257

Supreme Court of Arkansas
Opinion delivered December 13, 1982

*Thomas G. Montgomery,* Crittenden County Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was driving an automobile when it collided head on with another vehicle, killing a passenger and seriously injuring the driver of that car. The appellant was convicted by a jury of manslaughter (Ark. Stat. Ann. § 41-1504 [Repl. 1977]) and battery in the

first degree. (Ark. Stat. Ann. § 41-1601 (1) (c) [Repl. 1977]). He was sentenced to five years on each offense with the sentences to run consecutively. The appeal was certified to this court pursuant to Rule 29 (1) (c) of the Rules of the Supreme Court, because it involves the construction of an act of the General Assembly and rules governing criminal trials in circuit court.

The appellant relies upon two points for reversal, neither of which has merit. First, he contends that the trial court erred in denying his motion for mistrial. Two days before the trial the appellant moved *in limine* to prevent the state from introducing evidence of or making any reference to his seven prior convictions for driving while intoxicated. The trial court granted the motion. During his opening statements to the jury, appellant's counsel stated that there would be testimony that the appellant had consumed only a small amount of alcohol on the day of the collision; that the collision occurred because he momentarily took his eyes off the road when he reached down to pick up a radio or cassette player that had fallen from the dash to the floor of his car; when he looked up he was at the scene of impact; and when he hit his brakes, they grabbed, causing him to veer to the left into the path of the victims' car. Later in the trial, after several of the state's witnesses had testified as to the high rate of speed of appellant's car and his intoxicated condition, the trial court announced that if the appellant's proof developed as was outlined in the opening statement, which indicated that the collision was a "pure accident", it would change its *in limine* ruling and, if appellant testified, permit cross-examination under Rule 404 (b) about his previous DWI convictions. The appellant then moved for a mistrial, which the court denied.

We first note that appellant's trial preceded our ruling in *State v. Vowell,* 276 Ark. 258, 634 S.W.2d 118 (1982), where we held that it was not error to allow the state to cross-examine, pursuant to Ark. Stat. Ann. § 28-1001, Rule 404 (b) (Repl. 1979), an almost identically situated defendant with respect to his prior DWI convictions. The issue here is whether the trial court committed reversible error in changing his *in limine* ruling during the trial. The only prejudice

claimed by the appellant is that his attorney, in reliance upon the court's *in limine* ruling, told the jury in his opening statement what it could expect to hear from the appellant at trial. Because of the court's reversal of his *in limine* ruling, the appellant exercised his right not to testify and thus was precluded from producing the evidence that the jury was told it would hear. Therefore, he claims he was entitled to a mistrial.

We now examine the *in limine* oral motion. The state took the position that the seven previous DWI convictions were relevant and admissible evidence on cross-examination. Appellant's counsel took the position that the appellant did not deny that he was drinking and that his defense would be that he was not drunk and that it was a "pure accident". In urging the court to grant his motion to disallow any reference to his previous convictions, appellant's counsel stated:

> .... [T]he mere fact that he is DWI doesn't necessarily mean that caused the accident. See, he might have been hit from behind and pushed into somebody, you know. There are a lot of different fact situations. What I am saying is, what if he hadn't had a drop to drink in this . case?

In effect, counsel was arguing to the court that the accident could be merely the result of negligence or some cause other than intoxication.

We have held that a motion *in limine,* a threshold motion, should be precise and definite as to the subject matter sought to be prohibited. Further, whenever it is somewhat broad, it results in confusion and is necessarily subject to a later judgment and interpretation by the court. *Smith* v. *State,* 273 Ark. 47, 616 S.W.2d 14 (1981); and *Ark. State Hwy. Comm'n* v. *Pulaski Inv. Co.,* 272 Ark. 389, 614 S.W.2d 675 (1981). Here, in our view, the court, after hearing testimony bearing on the cause of the accident, committed no prejudicial error when he altered his *in limine* order and advised the appellant that if he testified he was subject to cross-examination with respect to his previous DWI convic-

tions. It is not uncommon for an attorney to outline in an opening statement, as here, "what we anticipate the testimony is going to be" and then, in view of developments in the trial, decide not to produce that evidence. We do not reverse for nonprejudicial errors. *State v. Vowell, supra; Brown v. State,* 262 Ark. 298, 556 S.W.2d 418 (1977). No prejudicial error is demonstrated here. Additionally, a mistrial is within the sound discretion of the trial court, and the decision will not be reversed unless there is a clear showing of abuse. *Robinson v. State,* 275 Ark. 473, 631 S.W.2d 294 (1982). Here, we cannot say that the trial court abused his discretion.

The appellant next contends that the evidence was insufficient to sustain a conviction of battery in the first degree. He does not contest the sufficiency of the evidence with respect to the manslaughter conviction. His argument is that the conviction for manslaughter requires only a finding that he was guilty of "reckless" conduct, as § 41-1504 provides, but that battery in the first degree requires an intent to inflict serious physical injury. He cites *Bolden v. State,* 267 Ark. 504, 593 S.W.2d 156 (1980); and *Golden v. State,* 265 Ark. 99, 576 S.W.2d 955 (1979). In both of those cases the state's argument was that the defendant had purposefully beaten another person. § 41-1601 (1) (a). The relevant subsection of the battery statute invoked here is § 41-1601 (1) (c), which provides that a person commits battery in the first degree if "he causes serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life . . . . " In any event, either subsection of § 41-1601 (1) requires a more culpable mental state than recklessness. See Ark. Stat. Ann. § 41-203 (Repl. 1977). However, the mere fact that the jury convicted the appellant of manslaughter, which requires proof of reckless conduct, does not require a conclusion that the jury could not also have found him guilty of first degree battery, with respect to the survivor of the collision, an offense that requires a more culpable mental state.

In *State v. Vowell, supra,* we held that the phrase "under circumstances manifesting extreme indifference to the value of human life" is in "the nature of a culpable

mental state . . . . and therefore akin to 'intent'." Further, prior DWI convictions were admissible on cross-examination pursuant to Rule 404 (b) of the Uniform Rules of Evidence "to prove the warning quality of the other conviction and to infer that the [defendant] must have arrived at a mental state inconsistent with mistake and consistent with the culpable mental state of causing serious physical injury 'under circumstances manifesting extreme indifference to the value of human life'." Compare *Holder* v. *Fraser, Judge,* 215 Ark. 67, 219 S.W.2d 625 (1949), where we said:

> Whether particular conduct is cautious or reckless depends upon its attendant circumstances. To drive a car at sixty miles an hour may demonstrate extreme caution upon a race-track and yet may be almost as culpable as murder if done in a crowded city street. Here petitioner is charged with driving recklessly, willfully and wantonly in such circumstances that three people were killed. It is stated that he was under the influence of intoxicants at the time. On the basis of these allegations we must treat petitioner's conduct as being equivalent to a conscious and deliberate disregard for the safety of others. Such behavior borders so closely upon that motivated by actual intent that we have no hesitancy in saying that the same reasoning is applicable. Petitioner risked a violation of the statute as to each person whose life he imperiled and may be held separately responsible for each death proximately resulting from the prohibited conduct.

Here, there was evidence that appellant was driving at a high rate of speed on the wrong side of the road in an intoxicated condition when he collided head on with another vehicle, killing one person and seriously injuring another. The vehicle he struck traveled backward 65 feet from the point of impact and his vehicle continued forward 49 feet. The evidence, when viewed most favorably to the appellee, as we must do on appeal, is amply substantial to support the jury's finding that the appellant caused serious physical injury to another person under circumstances manifesting extreme indifference to the value of human life.

Affirmed.

HICKMAN and PURTLE, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I dissent for two reasons. First, to preserve my protest to the unconstitutionality of the offense titled first degree battery. *See Martin v. State,* 261 Ark. 80, 547 S.W.2d 81 (1977). Second, I dissent to point out that the prior convictions for DWI cannot be admitted "on cross-examination" purusant to Ark. Stat. Ann. § 28-1001, Rule 404 (b) (Repl. 1979). That rule, if available at all, means such evidence is admissible in the State's case in chief. I agreed in *Vowell* it was admissible only because Vowell testified that the vehicular collision was an accident, and for no other reason. *See Vowell v. State,* 276 Ark. 258, 634 S.W.2d 118 (1982).

PURTLE, J., joins in this dissent.