## V. O. TAYLOR *v.* STATE of Arkansas

CA CR 83-74                                            658 S.W.2d 432

Court of Appeals of Arkansas
Division I
Opinion delivered October 19, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Jackson Jones,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Randel Miller,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. In the first stage of a bifurcated trial the jury found the appellant guilty of theft by receiving and found the value of the property to be more than $100.00 but less than $2,500.00. The judge then heard evidence relating to appellant's criminal record and, in accordance with a provision of the habitual offender law, Ark. Stat. Ann. § 41-1005 (Supp. 1983), instructed the jury that appellant had been convicted of three previous felonies. In the second stage of the trial the jury fixed the appellant's punishment at eight years in the Department of Correction.

Appellant's sole argument on appeal is that the trial court erred in allowing the state, during the first — or guilt — stage of the trial, to question the appellant on cross-examination about the extent of his previous felony convictions. It is contended that the state went beyond the scope of attacking his credibility as a witness, under our Uniform Evidence Rule 609, and was allowed to prove the habitual offender allegations during the first stage of the trial, contrary to the procedure set out in § 41-1005. Under the authority of *Duncan* v. *State*, 254 Ark. 449, 494 S.W.2d 127 (1973), the appellant seeks a reduction of sentence to the minimum sentence for theft by receiving as provided at the time the crime was committed on March 2, 1982, without any enhancement allowed by the habitual offender law. We think the answer to appellant's argument is found in the following areas of consideration.

First of all, as appellant in his brief admits, *Coleman* v. *State*, 256 Ark. 665, 509 S.W.2d 824 (1974), held that a defendant charged as a habitual offender could be cross-examined about prior felony convictions if he took the stand to testify in his own defense. The habitual criminal statute in effect at that time specifically allowed this, but the court also pointed out that the United States Supreme Court in *Spencer* v. *Texas*, 385 U.S. 554 (1967), held that such procedure did not violate any constitutional right of a defendant in a criminal case. In *Scroggins* v. *State*, 276 Ark. 177, 633 S.W.2d 33 (1982), the court again rejected the argument made in *Coleman*. The statute in effect in *Scroggins*, Ark. Stat. Ann. § 41-1005 (Repl. 1977), did not specifically provide that a defendant could be cross-exam-

ined about prior felony convictions but the Commentary to that statute states that the provision was deemed to be superfluous since Ark. Stat. Ann. § 28-707 (Repl. 1962) did so provide. Section 28-707 has now been repealed by our Uniform Rules of Evidence and Rule 609 contains a provision similar to that of § 28-707 in regard to previous convictions.

Secondly, in *Washington v. State,* 6 Ark. App. 85, 638 S.W.2d 690 (1982), we held that the trial court has a great deal of discretion in making the determination, required by Ark. Unif. R. Evid. 609 (a), as to whether the probative value of the evidence of a prior felony conviction outweighs its prejudicial effect, and that the decision of the trial court should not be reversed absent an abuse of that discretion. In *Williams v. State,* 6 Ark. App. 410, 644 S.W.2d 608 (1982), we said this weighing process must be decided on a case-by-case basis and our statement in *Williams* was noted by the Arkansas Supreme Court in *Floyd v. State,* 278 Ark. 342, 645 S.W.2d 690 (1983), as being a correct statement of the law.

In *Floyd* the court also rejected the argument that when the defendant takes the stand and admits he has been convicted of a felony he has been impeached and the state should not be allowed to further impeach him. To the contrary, the court said he may be asked "how many times he has been convicted." The same issue was involved in *Bell v. State,* 6 Ark. App. 388, 644 S.W.2d 601 (1982), where, as a concurring opinion points out, the defendant wanted to limit the evidence of prior convictions to the *fact* of conviction, 6 Ark. App. at 398. The majority opinion held that "there was no abuse of discretion in the trial court's decision to allow the state to impeach appellant's credibility by naming the previous felony convictions."

Finally, we note that the appellant argues in his brief that the prosecutor's cross-examination about prior convictions went beyond the purpose of impeachment as contemplated by Rule 609 by asking if appellant had been represented by counsel at the time of those convictions. Surely, appellant says, his representation by counsel was not relevant to the issue of credibility.

That issue, however, was not raised below. The appellant made a motion in limine seeking generally to prohibit the prosecutor from asking whether appellant had been convicted of specific offenses on particular dates. The court ruled that the prosecutor could ask whether appellant had been convicted of a crime, what the crime was, the date, and the sentence. But when the prosecutor added to that by also asking if appellant had been represented by counsel, no objection was made. In *Ark. State Highway Commission* v. *Pulaski Investment Co.*, 272 Ark. 389, 614 S.W.2d 675 (1981), the concurring opinion noted that the trial court should deny a threshold motion that is vague and indefinite, but said it may not be necessary to renew the objection when the matter is presented if the threshold motion is sufficiently specific. That opinion agreed with the majority opinion that the court's ruling on the motion in limine had not been violated, but said even if there had been a violation, it would have been incumbent upon counsel to renew his objection so the trial judge could determine whether the proffered testimony fell within the vague contours of the motion. Here, we think it was necessary for appellant to object to the questions about representation by counsel because the motion in limine did not cover that issue and the trial court was not given the opportunity to rule on it.

For the reasons discussed, we affirm.

COOPER and CORBIN, JJ., agree.