Harold HENDERSON *v.* STATE of Arkansas

CR 86-140                                    722 S.W.2d 842

Supreme Court of Arkansas
Opinion delivered February 2, 1987
[Rehearing denied February 23, 1987.]

*John Bradley*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst.

Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Harold Henderson was convicted of first degree murder and first degree battery and sentenced to life and 20 years respectively. The state offered proof that Henderson, while attempting to kill or at least seriously injure his former girl friend, Brenda Taylor, shot and killed Mary Davis. Brenda Taylor was shot twice in the legs. Henderson confessed to a shooting at a service station and that he killed Mary Davis and shot Brenda Taylor later at Mary Davis' home. Henderson's appeal raises four procedural questions which are all meritless.

First, he argues that five photographs of the victims were introduced only to inflame the jury. Three were of Mary Davis showing the bullet wound under her left arm. The other two photographs were of Brenda Taylor's legs, showing she was shot once in the right knee and once in the left foot. We have upheld the admission of photographs of victims to show the nature and location of wounds and to assist the jury in understanding the testimony. *Perry* v. *State*, 255 Ark. 378, 500 S.W.2d 387 (1973). The trial court has the discretion to admit photographs and will not be reversed absent an abuse of that discretion. *Watson* v. *State*, 290 Ark. 484, 720 S.W.2d 310 (1986). We find no abuse of discretion in this case.

Second, Henderson argues that the trial court incorrectly instructed the jury on first degree murder. The trial judge used AMCI 1502, which follows the language of Ark. Stat. Ann. § 41-1502 (Repl. 1977). The instruction to the jury read in pertinent part:

> To sustain this charge, the State must prove the following things beyond a reasonable doubt; that with the premeditated and deliberated purpose of causing the death of another person, Harold Henderson caused the death of Mary Davis.

Henderson argued at trial that there was no evidence that he attempted to kill anyone other than Mary Davis; therefore, the reference to another person in the instruction should have been deleted and Mary Davis inserted.

There was substantial evidence that Henderson in-

tended to kill Brenda Taylor. Taylor testified that she talked to Henderson approximately one week before this incident, and Henderson told her that he would get her before he left town. She also testified that Henderson, carrying a gun, approached her at a service station, and fired shots at her as she drove away. An hour later he followed her to the Davis home and chased her through the house; Mary Davis entered the room and told Henderson to stop; Henderson then shot her, and Taylor ran out of the house; he followed her to a neighbor's house; and when he caught up with her, he fired four shots, two striking her in the legs. He quit firing because he ran out of bullets. The testimony offered by the state created a factual basis for the instruction. *Richard* v. *State*, 286 Ark. 410, 691 S.W.2d 872 (1985).

Henderson makes other arguments as to why the instruction was wrong, but we do not consider arguments raised for the first time on appeal. *Lane* v. *State*, 288 Ark. 175, 702 S.W.2d 806 (1986).

Henderson argues that since there was no evidence that Brenda Taylor was seriously injured, the first degree battery conviction must fail. To sustain a conviction for first degree battery, there must be a severe injury in connection with a wanton or purposeful culpable mental state. *Bolden* v. *State*, 267 Ark. 504, 593 S.W.2d 156 (1980). Ark. Stat. Ann. § 41-115(19) (Repl. 1977) defines serious physical injury as one that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. Brenda Taylor was shot twice in the legs, once in the right knee and once in the left foot with a .22 caliber pistol. She was hospitalized for one night and one day for treatment, and she remained home from work for approximately one month. We find substantial evidence to support the conviction.

Henderson's final argument concerns the admission of three matters into evidence: references to a kidnapping charge, the shooting at the service station, and a statement by Mary Davis just before she died.

Evidently, Henderson had been charged at one time with kidnapping Brenda Taylor, and he said in his confession that the reason he approached Brenda Taylor at the service station

and followed her to Mary Davis' home was to talk to her about the kidnapping charge. The prosecuting attorney referred to the kidnapping charge in his closing argument. Henderson argues that the references to the kidnapping charge and the shooting at the service station are other crimes which are not admissible in this case. The appellant argues that Ark. Rules Evid. 404 (b) precluded this evidence. It provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This rule permits the admissibility of other criminal activity if it is independently relevant to a material point in the case and not just to prove the defendant is of bad character. *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986). We cannot say here that the trial judge abused his discretion in admitting the evidence. These incidents involved Brenda Taylor whom the state sought to prove was the intended murder victim and were evidence of that intent. *Shelton* v. *State*, 287 Ark. 322, 699 S.W.2d 728 (1985); *Wiyott* v. *State*, 284 Ark. 399, 683 S.W.2d 220 (1985).

■ Mary Davis said to her husband just before she died "I'm shot." Henderson argues that since it was not disputed that Mary Davis was shot, the evidence was merely inflammatory and should have been excluded. Henderson cannot prevent the introduction of relevant evidence simply by stipulating to a fact. *David* v. *State*, 286 Ark. 205, 691 S.W.2d 133 (1985). The trial judge did not abuse his discretion in admitting the statement.

Since this is a life imprisonment case, we have considered all other possible errors and find none. *See* Ark. Stat. Ann. § 43-2725 (Repl. 1977); Rule 11(f) of the Rules of the Arkansas Supreme Court.

Affirmed.