JIMMY BLAKE *v.* STATE OF ARKANSAS

5323                                    423 S. W. 2d 544

Opinion delivered February 5, 1968

*Leroy Froman*, for appellant.

*Joe Purcell*, Attorney General; *Don Langston*, Asst. Atty. Gen., for appellee.

J. FRED Jones, Justice. This is an appeal from a Criminal Procedure Rule 1 hearing denying appellant release from the Arkansas penitentiary.

The appellant, Jimmy Blake, is sixteen years of age, has less than a fifth grade education, and is one of ten children whose father does common labor at a mill and whose mother works in a laundry.

Appellant's first brush with the law came in 1965, when he was sent to the Boy's Industrial School from Woodruff County Juvenile Court. The instant appeal involves three cases in the White County Circuit Court.

In July 1966, in case number 2132, appellant was charged with burglary, petit larceny, and car theft. At the Rule 1 hearing, appellant testified that he could not read or write, but that he made a statement to the officers when he was arrested on these charges, and that he signed a statement, that about three weeks later an attorney was appointed to represent him, and that he entered a plea of guilty because he felt that he would not "get as much time" on a plea of guilty. Appellant was sentenced to the penitentiary for two years on the burglary charge and five years on the grand larceny

charge (car theft). These sentences were suspended and appellant was sent to the Boy's Industrial School where he remained for four months, after which he ran away. He was captured the following day and returned to the Industrial School and about three weeks later he escaped again.

During this absence from the Industrial School in January 1967, he was arrested and charged in case number 2142 with five counts each of burglary and petit larceny and two counts of grand larceny. Appellant made an oral statement to the arresting officers admitting his guilt to these charges and by appointed counsel, he entered a plea of guilty at his trial. He was sentenced to ten years on each of the five counts of burglary, sentences to run concurrently. The sentences were again suspended and appellant was again returned to the Boy's Industrial School, from which he escaped again after about three weeks.

While absent from the Industrial School this time, appellant was arrested in March 1967, and charged in case number 2151 with burglary, grand larceny, and petit larceny. Once again he made an oral statement to the arresting officers and pleaded guilty by appointed counsel. He received a sentence of two years on each of two counts of burglary and one year on grand larceny, sentences to run consecutive to each other and consecutive to the sentences in cases number 2132 and 2142. This sentence in case number 2151 was suspended, but the suspension of sentence in cases number 2132 and 2142 was revoked and appellant was sent to the penitentiary. Thus, at present, appellant is serving 17 years as sentenced in 2132 and 2142, and has five years suspension remaining in case number 2151.

In July 1967, appellant testified at his Rule 1 hearing where he was represented by appointed counsel. From the petition, the testimony of appellant, the testimony of the sheriff of White County, and the testimony of the counsel appointed for appellant in his prior

trials, together with all matters appearing of record, including the docket sheets and files in the circuit clerk's office, and after argument of counsel, the trial court denied relief, from which this appeal is brought. For reversal, appellant relies upon five points:

"1. Appellant was not advised of his right to counsel and his right to remain silent during his interrogations. He could not have made an intelligent waiver of these rights.

2. Appellant did not have the services of an attorney prior to his conviction in Case No. 2132.

3. Appellant did not have assistance of counsel at the critical stages of the proceedings against him in Cases No. 2142 and No. 2151. He did not have the effective benefit of counsel after counsel was appointed in Case No. 2142 and Case No. 2151.

4. Appellant was promised shorter sentences in Case No. 2142 and Case No. 2151 in return for a guilty plea. Appellant did not know the full consequences of his guilty plea in Case No. 2151.

5. Appellant's sentence to the Arkansas State Penitentiary constitutes cruel and unusual punishment within the meaning and spirit of the Eighth Amendment to the United States Constitution."

As to the first point argued by appellant, we find no merit. Though appellant denies being advised of his rights, the trial court found, and the sheriff of White County who arrested appellant testified, that appellant was advised of his rights on each occasion and that appellant was not interrogated, but always talked freely and was cooperative. The sheriff also testified that appellant usually had the stolen items with him, indicating that there was no need for a confession. The cases of *Meeks* v. *State* 239 Ark. 1066, 396 S. W. 2d 306; *Swagger* v. *State,* 227 Ark. 45, 296 S. W. 2d 204, and *Johnson*

v. *Zerbst,* 304 U. S. 458, 59 S. Ct. 1019, 82 L. Ed. 1461, relied upon by appellant on the issue of intelligent waiver, are not applicable here. These cases were reversed when the defendant went to trial and pleaded guilty without the aid of counsel and without an intelligent waiver of counsel. The appellant in the case at bar was represented by counsel prior to his guilty plea. Appellant's reliance on *Miranaa* v. *Arizona,* 384 U. S. 436, 86 S. Ct. 1602, and *Escobedo* v. *Illinois,* 378 U. S. 478, 84 S. Ct. 1758, is to no avail here, as appellant pleaded guilty in all three cases, and thus, the confessions were never used against him. In *Roach* v. *Bennett, Warden,* 148 N. W. 2d 488 (Iowa 1967), where the defendant made admissions and gave statements as to his guilt during the first two days of his detention without being advised of his right to counsel, but had counsel at the time of his plea of guilty in open court, the Supreme Court of Iowa, in habeas corpus proceedings, held:

> "Since statements allegedly given were not introduced or considered in a trial, the rights announced in Escobedo and Miranda could not have been violated."

Appellant s second point is also without merit. We agree that the docket entry does not reflect that appellant had counsel in case number 2132 and that it is not shown in the record who that counsel was, but the appellant himself testified on direct and on cross-examination that counsel was appointed for him in that case about three weeks after his arrest, and that the counsel was present in the court room when he entered a plea of guilty. The trial court found as a fact that appellant had counsel in all three cases and this is supported by the evidence.

Appellant's third point is also to no avail. As to the issue of whether he had counsel at the critical stages, we reiterate our holding, *supra,* that *Escobedo* and

*Miranda* do not apply where the confession is not considered or introduced against the defendant in a trial. On the issue of whether appellant had effective benefit of counsel after counsel was appointed, the record shows that attorneys were appointed for appellant on the same date as his plea of guilty was made and sentence pronounced. We agree that under the facts and circumstances of a particular case, this might amount to a failure of effective benefit of counsel, but we do not agree that this is the situation here. The attorneys in the prior cases testified that they discussed the respective cases with the appellant, his parents, the prosecutor, and the court in chambers; that they felt that they did what was best for appellant; that they fully explained the charges to the appellant and his parents, and that appellant and his family were satisfied that a guilty plea was best. Under these facts and circumstances, we cannot see where advice to plead guilty would not be effective benefit of counsel, even if the attorney felt that the appellant's confession would be inadmissible.

We find no merit in the fourth point relied upon by appellant. While appellant testified that the sheriff and appellant's attorneys promised him a certain sentence if he would plead guilty, the record indicates that the attorneys and prosecutor only stated that, in their opinion and with their recommendations to the court, appellant would get a shorter sentence or be sent to the Boy's Industrial School on a plea of guilty. The sheriff, in his testimony, flatly denied that he advised appellant to plead guilty or that appellant would receive a certain sentence for a plea of guilty. The trial court found against appellant on this issue and this finding of fact is supported by the evidence.

Appellant also contends that he did not know the full consequences of his guilty plea in case number 2151. His attorney in that case testified that appellant and his parents clearly understood the consequences of appellant's guilty plea and he (the attorney) took notes

concerning this. The trial court found that appellant knew the full consequences of his plea and this is supported by sufficient evidence.

We cannot agree with the appellant as to his fifth assignment of error. There is no contention by appellant that any of the sentences he received are more than the maximum called for by our criminal code. He merely argues that the cumulative effect of the sentences constitutes cruel and unusual punishment in his case, considering his age, education, etc. We feel that the trial court could and did consider the number of times appellant has been sent to the Boy's Industrial School, the great number of criminal offenses he has committed, how many sentences have been suspended, and how many opportunities appellant has had to stay out of the penitentiary. The fact that the punishment authorized is severe does not make it cruel or unusual. *Johnson* v. *State,* 214 Ark. 902, 218 S. W. 2d 687. It is within the power of the legislature to classify crimes and determine punishment for violation of such classifications. After such punishment is set, and until it is declared unconstitutional, no sentence under it can be regarded as cruel or unusual. *Hadley* v. *State,* 196 Ark. 307, 117 S. W. 2d 352. We do not find the sentence in the present case to result from passion or prejudice, exceed the statutory limits, or to be cruel and unusual. Furthermore, we have on many occasions held that the suspension of a sentence rests in the sound discretion of the trial court and that the sufficiency of the evidence for revocation of such suspension also lies within the sound discretion of the trial court. See *Smith* v. *State,* 241 Ark. 958, 411 S. W. 2d 510, and *Kinard* v. *City of Conway,* 241 Ark. 255, 407 S. W. 2d 382. No abuse of that discretion has been shown in the case at bar.

We agree with the trial court that appellant's petition is without merit.

Affirmed.