Allen Scott CARDWELL *v.* STATE of Arkansas

CR 78-159                                                575 S.W. 2d 682

Opinion delivered January 22, 1979
(Division I)

*Vincent E. Skillman, Jr.,* of *Skillman & Durrett,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jesse L. Kearney,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. In March, 1977, the appellant Cardwell sold 20 packets of cocaine to a police informant for $180. Members of the West Memphis police department supplied the money for the purchase and took photographs of the bills in advance and also of the transaction as it was in progress. The jury found Cardwell guilty of the delivery of a controlled substance and fixed his sentence at 18 years. Several points for reversal are argued.

Many months before the trial defense counsel filed a motion for the discovery of the names of witnesses, of any written or oral statements, of books, papers, photographs, and other objects, and of various other matters. The prosecution did not file a response to the motion. It is now argued that the trial court should not have allowed the State to introduce the photographs taken by the police, because the prosecution failed to reply to the request for discovery.

In the circumstances of this case the court's ruling was right. The governing rule does not require a written response, it being provided that the prosecuting attorney may perform his obligations under the rule in any manner mutually agreeable to himself and defense counsel. Rules of Criminal Procedure, Rule 17.2 (1976). During an extended colloquy with respect to defense counsel's objection to the photographs it was brought out that the prosecutor's settled practice with respect to motions for discovery had been to make the State's file available to the defense. That practice was known to defense counsel in this case, who did not actually say that he had not examined the State's file. Instead, defense counsel relied on the fact that the trial judge, a day or two before this trial, had announced in another case that he would, because of repeated disagreements between opposing counsel in criminal cases about their oral understanding with

regard to discovery matters, thereafter require all responses to motions for discovery to be in writing. The judge ruled in the present case that he would not apply his new procedure until the next term of court.

The court's ruling was perfectly fair. During a period of about nine months before the trial defense counsel did not ask for a written response to the motion for discovery. The point was not raised until after the court had announced, a day or so earlier, that the practice would be changed. The rules of the game should not be changed after play is in progress. Moreover, although defense counsel stated during the colloquy that if there was something in the State's file that he was not aware of, "then I am going to plead surprise," when the photographs were introduced there was no such plea. Consequently the trial judge could infer that defense knew about the photographs before the trial; so the lack of a written response to the motion could not have been prejudicial.

It is also argued that the photographs of the bills used in the purchase (the serial numbers of which had been recorded by the police) were inadmissible under the best evidence rule. We do not imply that physical exhibits, such as currency, are within the purview of that rule. It is enough to say that the objection now urged was not made at the trial and cannot be raised for the first time on appeal.

Next, it is argued in substance that cocaine is not a narcotic drug. The statute includes in its enumeration of prohibited narcotic drugs any substance produced from coca leaves. Ark. Stat. Ann. § 82-2607 (b) (4) (Repl. 1976). The defendant's expert witnesses conceded that cocaine is made from coca leaves and that it has a potential for abuse as a drug; but they testified that cocaine, chemically and medically, is an anesthetic or stimulant, not a depressant or narcotic. The trial judge ruled in effect that the testimony did not raise a jury question about the legislative classification of cocaine as a narcotic.

Our controlled substances law is a uniform act derived primarily from a similar federal law. Upon testimony similar to that offered by this appellant it has been held repeatedly

that the legislative body may classify cocaine as a narcotic for penal or regulatory purposes, even though it is medically considered to be a nonnarcotic stimulant, and that the legislative classification is not irrational or arbitrary. *United States* v. *Marshall,* 532 F. 2d 1279 (9th Cir. 1976); *United States* v. *Castro,* 401 F. Supp. 120 (N.D. Ill. 1975); *United States* v. *Amidzich,* 396 F. Supp. 1140 (E.D. Wis. 1975); *State* v. *Erickson,* 574 P. 2d 1 (Alaska, 1978). Such cases answer the present contention that the jury should be given an opportunity to overrule the legislative judgment.

Finally, it is argued that a sentence of 18 years for the offense proved is cruel and unusual punishment. The sentence is within the 30-year maximum fixed by the statute, § 82-2617 (a) (1) (i), and so cannot be held to be cruel or unusual. *Blake* v. *State,* 244 Ark. 37, 423 S.W. 2d 544 (1968).

Affirmed.

We agree. HARRIS, C.J., and BYRD and PURTLE, JJ.