## Lester Ray HALFACRE *v.* STATE of Arkansas

CR 82-47                                    639 S.W.2d 734

Supreme Court of Arkansas
Opinion delivered October 11, 1982

*Bill W. Bristow* and *Kelley Webb,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

STEELE HAYS, Justice. The appellant, Lester Halfacre, was charged with capital murder, it being alleged that he deliberately caused the death of two persons in the course of the same criminal episode. Appellant admitted firing the shots that caused the two deaths, but claimed he acted in self-defense. On September 18, 1981, the appellant was found guilty on a lesser charge of first degree murder and sentenced to 50 years.

## I.

The appellant raises three points on appeal. He first argues that the trial court erred in not admitting testimony of specific prior violent acts of the victims which were unknown to the appellant. He argues that the testimony should be admitted under Rule 404 of the Arkansas Rules of Evidence because evidence of a specific prior act is relevant on the issue of who is the aggressor. The trial court had admitted testimony as to the reputation of the two victims, under Rule 404 (a), and also admitted specific prior acts of the victims which the appellant *did* have knowledge of, as probative of what he reasonably believed, relevant to his plea of self-defense.[1] The trial court excluded the testimony at

---

[1] Ark. Stat. Ann. § 41-507 (1) (Repl. 1977). Justification. Use of deadly physical force in defense of a person. (1) A person is justified in using

issue because such evidence was not probative of what the appellant reasonably believed.

The Arkansas Rules of Evidence make it clear that the trial court was correct in its ruling. Testimony pertaining to the victim's character is admissible under Rule 404 (a) but the method for proving character is specifically limited on direct examination by Rule 405 (a) to "testimony as to reputation or by testimony in the form of an opinion". Rule 405 (b), allowing specific acts, can only be used if necessary to prove "an essential element of . . . the defense." The same question arose in *McClellan* v. *State*, 264 Ark. 223, 570 S.W.2d 278 (1978) where we affirmed the trial court's exclusion of similar evidence. We found the ruling conformed to the Rules of Evidence and that the character of the victim is not an essential element in the defense of self-defense:

> In the case at bar the question, then, is whether Sitz's character as an aggressive person was "an essential element" of McClellan's defense of self-defense. Obviously it was not. One might plead self-defense after having killed the most gentle soul who ever lived. In such a situation the decedent's character as a possible aggressor is being used circumstantially, not as a direct substantive issue in the case. The trial judge was therefore correct in disallowing the proffered proof of a specific instance of aggression on the part of the decedent.
> *McClellan* at 227.

The appellant cites in support of his argument, our recent decision in *Smith* v. *State*, 273 Ark. 47, 616 S.W.2d 14 (1981) where the following language was used:

> Evidence of a victim's violent character, including evidence of specific violent acts, is admissible where a claim of justification is raised. Such evidence is rele-

deadly physical force upon another person if he reasonably believes that the other person is: (a) committing or about to commit a felony involving force or violence; or (b) using or about to use unlawful deadly physical force.

vant to the issue of who was the aggressor and whether or not the accused reasonably believed he was in danger of suffering unlawful deadly physical force.
*Smith* at 49.

Appellant asks that should we find *Smith* as holding that evidence of prior acts of aggression of the victim be offered by the defendant on the question of who was the aggressor, that we should so rule and follow other jurisdictions that have adopted such a rule.

We disagree with appellant on both points.

Although the language itself in *Smith* is open to interpretation, the facts in *Smith* were significantly different from the facts in this case as to leave no doubt as to the meaning of those words. In *Smith,* the trial court had excluded not only evidence of incidents defendant knew of but also incidents directed against the defendant. In sharp contrast are the specific acts that appellant in this case proffered that not only did not involve the appellant but were incidents that he had no knowledge of. Given the facts in *Smith,* the plain language of the rules and our recent decision in *McClellan, supra,* we find no reason to give *Smith* the more expansive reading that appellant suggests.

We find appellant's suggestion that we follow the lead of other jurisdictions that have adopted the interpretation he advocates, to have no merit. The cases that appellant cites involve the issue of excluding evidence about the victim's character that was unknown to the defendant. Admitting character evidence by testimony of specific acts is not in issue. The courts in those cases ruled that the evidence could come in but in the form of reputation. See *Pope* v. *State,* 262 Ark. 476, 557 S.W.2d 887 (1977).

Appellant also insists it was error to deny him the right to corroborate those specific instances of violence for which a foundation had been laid by showing the event to have been communicated to appellant. We disagree. In determining the reasonableness of appellant's plea of self-defense, the relevant issue was not whether Doyle Ham-

monds and Terry Brooks had started fights, but whether appellant was aware of such incidents. Thus, the trial judge did not err in refusing to permit the corroboration.

## II.

Appellant's second argument alleges the trial court erred in excluding evidence pertaining to prior specific acts of relatives of one of the victims against the appellant or his brother, as it was relevant to the appellant's state of mind and the reasonableness of his fears of the victim. The trial court excluded it under Rule 403 of the Arkansas Rules of Evidence.

We will not overturn a trial court's relevancy ruling absent a showing of abuse of discretion. *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980). In this case there was a substantial amount of evidence admitted that was pertinent to the victim's character, by testimony of the victim's reputation and of the victim's specific prior acts — not only those involving the appellant, but also those involving the victim and third parties. In addition, the trial court did admit some evidence that related to the appellant's fear of the Hammonds family and their reputation. It is within the trial court's discretion if the evidence is cumulative or could lead to confusion of the jury, to exclude such evidence. The facts in this case could support such a finding and we find no abuse of discretion.

## III.

In his last point, the appellant argues that the trial court erred in refusing to grant a continuance because the prosecution had not filed a written response to the appellant's motion. Appellant states that the defense counsel participated in the open file policy of the prosecutor, but argues that there is an inherent disadvantage to the defense when the state simply follows an open file policy rather than respond in writing.

We find no merit in the appellant's argument as the prosecution complied fully with the discovery requirements

of Rule 17.2 (b) of the Arkansas Rules of Criminal Procedure which states:

> (b) The prosecuting attorney may perform these obligations in any manner mutually agreeable to himself and defense counsel or by:
>
> (i) notifying defense counsel that material and information, described in general terms, may be inspected, obtained, tested, copied, recorded or photographed, during specified reasonable times; or;
>
> (ii) making available to defense counsel at a time specified such material and information, and suitable facilities and arrangements for inspection, testing, copying, recording or photographing of such material and information.

Also, appellant acknowledges in his argument that he cannot point to any particular incident that occurred during the trial that prejudiced his defense in any particular manner. A similar argument was raised and answered in *Cardwell* v. *State*, 264 Ark. 862, 575 S.W.2d 682 (1979) and we find no foundation for reversal in the facts presented.

JOHN I. PURTLE, Justice, dissenting. I respectfully dissent from the majority opinion on the matter of whether specific acts of prior conduct were admissible in this case. Specific acts are generally allowed for the purpose of showing the state of mind of the accused. In such cases it is necessary to prove knowledge on the part of the accused of the acts shown to be introduced. However, the question of who was the aggressor is more complex. It seems to me that any evidence which would tend to help the jury decide who was the probable aggressor should be allowed into evidence. This includes any specific act on the part of the attacker which may be relevant to the issue in question.

We have stated in the case of *Smith* v. *State*, 273 Ark. 47, 616 S.W.2d 14 (1981):

> Evidence of a victim's violent character, including

> evidence of specific acts, is admissible where a claim of justification is raised. Such evidence is relevant to the issue of who was the aggressor and whether or not the accused reasonably believed he was in danger of suffering unlawful deadly physical force (cites omitted).

The broad rule could hardly be more clearly stated than through the above quotation. The majority relies to a great extent on the case of *McClellan* v. *State,* 264 Ark. 223, 570 S.W.2d 278 (1978). However, as I view *McClellan,* it did not preclude the ruling in *Smith.* In *McClellan* we stated:

> Thus the question is, when is a trait of character strictly in issue? The answer, in the language of Rule 405 (b), is when the trait is "an essential element of a charge, claim, or defense."

We further explain in *McClellan* that the trait of character sought to be proven must be an "operative fact" in order to allow such facts to be presented in evidence. Our conclusion in *McClellan* was stated as follows: "In the case at bar the question, then, is whether Sitz's character as an aggressive person was 'an essential element' of McClellan's defense of self-defense. Obviously it was not."

In the present case no one can deny that from the very beginning an "essential element" of the appellant's defense was justification. It was obvious that he relied upon the general reputation that the decedents were of such a character as to render them almost certain to be the aggressors in the present case. Thus, I do not feel that *McClellan* v. *State,* supra, is contrary to this holding. However, if it should be, it is clearly overruled in *Smith* v. *State,* supra, since *Smith* was the latest pronouncement on the subject by this court.