The Honorable David Evans State Representative Post Office Box 856 Searcy, AR 72145-0856
Dear Representative Evans:
I am writing in response to your request for my opinion on the following questions:
 1. Pursuant to A.C.A. § 16-17-129, can a County Quorum Court levy and collect an additional fine on cases prosecuted in City Court without an ordinance from the City Council from the respective city of the City Court's jurisdiction? In other words, does A.C.A. § 16-17-129 (a) allow a Quorum Court to assess the $5.00 additional fine in City Court or does it take an action of the City Council of the city to pass an ordinance levying and collecting the fine referred to therein?
 2. Is this additional $5.00 fine to be paid to the county upon levy of the fine or upon collection of the fine? In other words, if the $5.00 fine is assessed when the defendant appears or forfeits bond, is the $5.00 payable at that time or at such time as the fine is paid in full?
 3. Is the statute constitutional in that it authorizes the imposition of this $5.00 amount as a fine versus a cost?
RESPONSE
With regard to your first question, although the statute could be far clearer in its meaning, it is my opinion that A.C.A. 16-17-129 authorizes a county to levy and collect, by quorum court ordinance, the additional $5.00 fine in district court only. The authority does not extend, in my opinion, to city court, regardless of whether the city has enacted an ordinance under the statute. The city's authority to levy and collect the additional fine by ordinance is separate and apart from that of the county. It is my opinion in response to your second question that the fine is in the nature of a mandatory sentence to be imposed upon a plea of guilty or nolo contendere, a finding of guilt, or a bond forfeiture, and that it is to be collected according to law along with any other fines that may be imposed on the defendant. It is my opinion in response to your third question that the statute is constitutional.
Question 1 — Pursuant to A.C.A. § 16-17-129, can a County Quorum Courtlevy and collect an additional fine on cases prosecuted in City Courtwithout an ordinance from the City Council from the respective city ofthe City Court's jurisdiction? In other words, does A.C.A. § 16-17-129(a) allow a Quorum Court to assess the $5.00 additional fine in CityCourt or does it take an action of the City Council of the city to passan ordinance levying and collecting the fine referred to therein?
The answer to this question turns on the proper interpretation of the following language of A.C.A. § 16-17-129:
 (a) In addition to all fines now or as may hereafter be provided by law, the governing body of each city of the first class, city of the second class, incorporated town, and county in this state may by ordinance levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the city court of the city, town, or county, or in the district court for the district in which the city or town is located.
* * *
 (e)(1) The additional fine authorized in subsection (a) of this section shall apply to each charge, count, violation, or offense that a defendant pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for, including each misdemeanor or traffic violation.
(2) The fine may be imposed:
 (A) By all courts within a city of the first class, city of the second class, incorporated town, or county in this state that has by ordinance levied the fine; and
(B) In all cases classified as "county cases" or "city cases."
A.C.A. 16-17-129, as amended by Act 1373 of 2005 (emphasis added).[1]
While it might seem at first blush that the statute authorizes a county to impose the fine in city court, it becomes apparent upon further analysis that the emphasized language is ambiguous given the fact that a city court ordinarily is not considered a court "of the . . . county" (subsection (a), supra). The suggestion that the fine might be imposed by "all courts within a . . . county" (subsection (e)(2)(A)) also merits further review. Additionally, a county's authority to levy and collect the fine in district court might be questioned given that counties are not included in last phrase of subsection (a), which refers only to the "district court for the district in which the city or town is located." A review of the statute's legislative history is warranted in light of these ambiguities. See generally Mears v. Arkansas State Hospital,265 Ark. 844, 581 S.W.2d 339 (1979); J.L. McEntire Sons, Inc.,256 Ark. 937, 511 S.W.2d 179 (1974) (noting that in determining legislative intent, prior law is most important in arriving at the correct interpretation of a particular act).
The history of A.C.A. § 16-17-129 suggests both the source and a possible resolution of some of these ambiguities. As originally enacted, the statute provided in relevant part:
 (a) (1) In addition to all fines now or as may hereafter provided by law, the governing body of each city of the first class, city of the second class, and incorporated town in this state may by ordinance levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the municipal court or city court of the city or town.
 (2) The additional court fine authorized by this section shall be levied by ordinance of the governing body of the municipality wherein the municipal court or city court is located.
Acts 1999, No. 1336 (found at A.C.A. § 16-17-129 (Repl. 1999) (emphasis added).
Thus, the original legislation applied only to cities and towns, and it authorized the levy of the fine "in the municipal court or city court of the city or town."
In 2003, the legislature corrected the statute to reflect the change from "municipal" to "district" courts pursuant to Amendment 80 to the Arkansas Constitution. Act 1185 amended subsection (a) of the statute to state:
 (a) In addition to all fines now or as may hereafter be provided by law, the governing body of each city of the first class, city of the second class and incorporated town in this state may by ordinance levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the city court of the city or town or in the district court for the district in which the city or town is located.
Acts 2003, No. 1185, § 118 (emphasis added).
This language reflects the fact that the newly established district courts serve legislatively defined judicial districts (see A.C.A. §16-17-901 et seq.), and consequently are not properly denominated courtsof a city or town.
The legislature also amended the statute by separate act in 2003 to authorize counties to levy the additional $5.00 fine. This act, Act 1188 of 2003, added counties to the original statute as follows:
 (a) (1) In addition to all fines now or as may hereafter provided by law, the governing body of each city of the first class, city of the second class, incorporated town, and county in this state may by ordinance levy and collect an additional fine not to exceed five dollars ($5.00) from each defendant who pleads guilty or nolo contendere to, is found guilty of, or forfeits bond for any misdemeanor or traffic violation in the municipal court or city court of the city, town, or county.
 (2) The additional court fine authorized by this section shall be levied by ordinance of the governing body of the municipality or county wherein the municipal court or city court is located.
Acts 2003, No. 1188 (emphasis added).
It is my opinion that this latter act is the most relevant legislation in addressing your particular question regarding the county's authority to levy and collect the additional $5.00 fine in city court. Although this language is admittedly somewhat confusing, I believe it is relatively clear that the intent was to give counties the same authority to levy and collect the additional fine in municipal (now district) court as was originally given to cities and towns. This follows from a reading of both subsections, bearing in mind that while the legislature could reasonably have viewed a municipal court as a court of the county based on its countywide jurisdiction,[2] the same cannot be said of a city court, formerly known as a "mayor's court," which exercises jurisdiction only within the city limits. See A.C.A. § 16-18-112 (Supp. 2003).
Looking, then, to the current codification of this legislation which is set out above following the recitation of Question 1, it must be noted that the language of subsection (a) was originally the product of the codifier's attempt to combine the 2003 acts (both the technical revision reflecting the change to "district" courts and the amendment giving counties the fine-levying authority). See A.C.A. § 16-17-129 (Supp. 2003). The ambiguous language resulted when the technical corrections act was used to make the amendment and the word "county" was added to the phrase "city court of the city or town or in the district court for thedistrict in which the city or town is located." The resultant phrase, "city court of the city, town, or county, or in the district court forthe district in which the city or town is located" is confusing, and might lead one to believe that the legislature intended to authorize counties to levy and collect the additional $5.00 fine in city court. As explained above, however, it is my opinion based on the legislative history that the intent was to authorize counties to enact ordinances for the levy and collection of the additional $5.00 fine in district (former municipal) courts only. Thus, regardless of whether a city has passed an ordinance under the statute, it is my opinion that the county fine does not apply in cases prosecuted in city court.
I recognize in this regard that Act 1373 of 2005 restates subsection (a) of the statute as previously codified. This merely perpetuates the existing ambiguity, however, rather that resolving it. I also note that Act 1373 includes new language authorizing the fine's imposition "[b]y all courts within a . . . county. . . ." See A.C.A. §16-17-129(e)(2)(A), supra. While this language admittedly could encompass city courts, its broad sweep raises more questions than answers, in my opinion. It could just as easily be interpreted to mean all district courts within the county. This interpretation may be reinforced, moreover, by the title of Act 1373, which reflects only an intent to clarify that the additional $5.00 fine applies to each offense.[3]
Because the 2005 enactment does not appear to resolve the question of whether a county may levy the additional fine in city court, it is my opinion that the prior legislative history remains the most authoritative source on the issue. And as discussed above, it seems relatively clear from this history that counties were given the same authority to levy and collect the additional fine in district (former municipal) court as was originally given to cities and towns.
Question 2 — Is this additional $5.00 fine to be paid to the county uponlevy of the fine or upon collection of the fine? In other words, if the$5.00 fine is assessed when the defendant appears or forfeits bond, isthe $5.00 payable at that time or at such time as the fine is paid infull?
It is my opinion that the fine is to be collected at the same time and distributed in the same manner as other fines that are imposed in district court. Accord Op. Att'y Gen. 2003-288 (citing A.C.A. §§ 16-17-132
and 16-13-709).[4]
Question 3 — Is the statute constitutional in that it authorizesthe imposition of this $5.00 amount as a fine versus a cost?
The statute is constitutional, in my opinion. I have found no authority for the proposition that The General Assembly has improperly authorized the levy of the $5.00 as an "additional fine." The General Assembly classifies crimes and determines punishment for violations of such classifications. See generally Blake v. State, 244 Ark. 37,423 S.W.2d 544 (1968). See also Richards v. State, 309 Ark. 133,827 S.W.2d 155 (1992) and Sparrow v. State,284 Ark. 396, 397, 683 S.W.2d 218
(1985) (regarding General Assembly's general authority over sentencing). I believe the statute would withstand constitutional scrutiny in light of this authority. It is presumed constitutional and the burden of proving otherwise rests on the challenger. See generally Bunch v. State,344 Ark. 730, 43 S.W.3d 132 (2001).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The amendment was enacted subsequent to your request. It is my opinion, however, as explained further herein, that the amendment does not resolve the question you have presented concerning a county's authority to levy and collect the fine in city court.
[2] The former municipal courts exercised countywide jurisdiction pursuant to A.C.A. § 16-17-206 (Repl. 1999). This was also the case with respect to district courts until January 1, 2005, when the statutorily defined "territorial jurisdiction" of district courts became effective.See A.C.A. § 16-88-101(Supp. 2003) (text of section effective until January 1, 2005 and text effective January 1, 2005); and A.C.A. §16-17-901 et seq. (Supp. 2003) (establishing the boundaries of the new judicial districts).
[3] The act is entitled: "AN ACT TO CLARIFY THAT THE LEVY OF THE ADDITIONAL FINE AUTHORIZED BY ARKANSAS CODE § 16-17-129 MAY BE IMPOSED FOR EACH OFFENSE INVOLVED IN THE CASE OF A DEFENDANT. . . ."
[4] Section 16-17-132 states in relevant part that "[a]ll fines, penalties, and costs received by the district courts shall be collected and distributed in the same manner provided by laws affecting the former municipal courts, unless and until the General Assembly establishes a new method of distribution." Id. at subsection (a)(3) (Supp. 2003).
Section 16-13-709 provides in relevant part as follows with regard to actual collection responsibilities:
 The governing body, or, if applicable, each governing body of a political subdivision which contributes to the expenses of a district court . . . shall designate a county . . . official, agency, or department who shall be primarily responsible for the collection of fines assessed in the district courts. . . .
Id. at subsection (a)(2)(A) (Supp. 2003).